THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* THE MEREDITH'S FORD AND JARRETTS-VILLE TURNPIKE COMPANY.

*Municipal Corporation Liable to Suit in Another Jurisdiction in Local Actions—Trespass q. c. f.*

A municipal corporation may be sued in an action of trespass to land in Courts other than those within its territorial limits, when the cause of action arose in another jurisdiction.

Trespass to real property is a local action and must be brought in the county or city where the land is situated.

*Decided November 15th, 1906.*

Appeal from the Circuit Court for Baltimore County (BURKE, C. J. and DUNCAN, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, SCHMUCKER and JONES, JJ.

*Sylvan Hayes Lauchheimer, Assistant City Solicitor* (with whom was *W. Cabell Bruce, City Solictor,* on the brief), for the appellant.

At common law, a municipal corporation could be sued in its own Courts only, even in the case of a local action. 11 *Cyclopedia,* p. 611; 14 *Ency. of Pl. and Pr.,* pp. 228, 229; *Smith on Mun. Cor.,* sec. 1652, note, p. 1738; *Potts* v. *Pittsburg,* 14 W. N. C. (Pa.) 39; *Lehigh Co.* v. *Kleckner,* 5 W. & S. 181; *Oil City* v. *McAboy,* 74 Pa. St. 249; *Hecksher* v. *Phila.,* 9 Atl. R. 281; *City of N. Yakima* v. *Superior Court,* 4 Wash. 655; *Buck* v. *City of Eureka,* 97 Cal. 139; *Pack* v. *Township of Greenbush,* 62 Mich. 122; *Jones* v. *Statesville,* 97 N. C. 86; *City Bank* v. *Presidio County,* 26 S. W. Rep. 775.

If the agents of the municipal corporation are to be dragged to a foreign Court and there compelled to defend, damage will be done to the entire body of residents of the corpora-

tion, who to that extent will be deprived of the services of the public officials, whose duty it is to attend to and transact the public affairs at the residence of the municipal corporation.

If, on the other hand, the individual is compelled to resort to the Court of the municipality, he alone will be inconvenienced, if at all, and the great body of people will not be discommoded. His inconvenience is slight in comparison with that which will result in compelling the municipal officers to resort to the foreign Court.

Public policy would, therefore, require that where a public corporation, which is an integral part of the government of the State, is sued, it should be sued in its own Courts, and that the slight inconvenience which might come to an individual in such an instance might be disregarded when the only alternative is the great inconvenience which would result to the public in case the other rule were adopted.

These considerations of public policy would, therefore, require, in the absence of a legislative enactment declaring the will and determination of the people to the contrary, that the rule of common law should be followed, and that where the choice lies between the inconvenience of an individual, or the inconvenience of the public, nothing should be done to increase the inconvenience of the public, and that every intendment should be in favor of diminishing it, especially where no rights are thereby injured or defeated. By upholding the common law rule no right is defeated, as any litigant is at liberty to proceed in the Courts of the municipal corporation, and there have his rights vindicated just as fully as he could in any other Court within the State. The convenience of an individual should not be held to be superior to the convenience of the public.

The aforegoing authorities show that the rule of the common law requiring actions against municipal corporations to be instituted in their own Courts has not been altered, but that it continues in its original vigor, and, in the absence of a legislative enactment, the Courts (wherever the question has arisen) have been unanimous in holding that the law exists in

all of its original force. This is so not only in the case of transitory actions, but also in the case of local actions, and wherever the situation has arisen, the Courts have held that the suits must be brought in the Courts of the municipal corporations. Indeed, it is text-book law that actions of any kind against a municipal corporation are local, and must be brought in the Courts of the municipal corporation.

The statute law of Maryland makes no provision for suits against a municipal corporation in any other Court than its own.

*D. G. McIntosh*, for the appellee.

It is admitted that the action is in its nature local. At common law the venue *must* have been laid in Baltimore county and could be laid nowhere else. In the statement of the rule no exception is made as to its application.

So stringent was the application of the rule requiring actions for injuries to real property to be brought in the county where the injury occurred, that they might be tried by a jury *de vicineto*, that to enable a Court elsewhere to assume jurisdiction, it must appear on the face of the record that it was by consent of parties or with leave of Court, as for example, upon suggestion and removal. 1 *Chitty's Pleadings*, 12 Am. ed. 268, and notes; 1 *Robinson Practice*, 353; *Thompson on Corporations*, vol. 6, secs. 7428, 7432; *Mostyn* v. *Fabrigas*, Cowper, 176.

The doctrine of local and transitory actions is a part of the common law of this state, and the distinction between them remains unaffected by any of the Acts of the General Assembly. *Patterson* v. *Wilson*, 6 G. & J. 497; *York Road* v. *Crowther*, 63 Md. 571.

That a municipality may be sued in other than its own Courts when a proper occasion arises, is well recognized. Hence it may be sued in a Federal Court by a citizen of another State. *Cowles* v. *Mercer Co.*, 7 Wallace 118; *Vermont* v. *Lincoln Co.*, 30 Fed. Rep. 749.

The cases cited by the appellant below in support of its

contention, that a municipal body cannot be sued outside its territorial limits, were, with possibly one or two exceptions, actions of debt; and have no application to the present case. They were not actions partaking of the *Rem.*

The Circuit Courts for the State, are possessed of original common law jurisdiction within their respective circuits similar to that possessed by the Courts of King's Bench in England.

The Circuit Court for Baltimore County had jurisdiction over the particular cause of action in this case because the injury alleged occurred in Baltimore county.

That Court, by virtue of its possession of general jurisdictional powers, can only be divested of its jurisdiction by some statute depriving it of its jurisdiction, either in express terms or by necessary implication. *Tomlinson* v. *Devore,* 1 Gill, 345.

No such statute can be shown, and on the other hand the Courts which assume to claim jurisdiction, viz: those of Baltimore City, appear to be not Courts possessed of original and general common law jurisdiction, but special Courts with powers defined by the Constitution and the statutes passed in pursuance thereof.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore county, passed on the 17th of February, 1906, overruling a motion by the defendant for a judgment of *non-pros.*, a motion to quash the writ of summons, the return of the Sheriff thereto and from the judgment entered thereon.

The plaintiff is a turnpike company doing business in Baltimore and Harford counties, under the corporate name of the Meredith's Ford and Jarrettsville Turnpike Company in Baltimore and Harford Counties.

The defendant is the Mayor and City Council of Baltimore, a municipal corporation and the owner of the bed of the Gunpowder river, and certain lands contiguous thereto, in Baltimore county, adjacent to the plaintiff's turnpike.

The substantial cause of the action and the grievance complained of by the plaintiff below is, the alleged wrongful acts of the defendant, in erecting and building a dam across the Gunpowder river and in erecting large banks of earth near the bed of the river, forcing the water and dirt to flow over and upon the turnpike, thereby causing injury and damage to the road.

The defendant appeared specially to the suit, and based its motion, for a judgment of *non-pros.* upon certain assigned reasons, which may be stated for the purposes of this appeal to be:

1. Because the Mayor and City Council of Baltimore is a municipal corporation and can be sued only in its own Courts, and because the attempt to subject it to the jurisdiction of the Circuit Court for Baltimore County, cannot avail, in the absence of its consent.

2. Because the Mayor and City Council of Baltimore claims it is exempt from suit, in any Court, except the Courts of Baltimore City.

It is admitted that the turnpike road alleged to have been obstructed and injured lies in Baltimore County, and that the injury occurred in the county where the suit was brought.

It must also be conceded, at the outset, that the action is in its nature local because the declaration states, that the turnpike road which ran along the banks of the Gunpowder river, the obstruction which caused the injury to the plaintiff's property, and the river itself, where the alleged damage was done, are all situate in Baltimore county.

The counsel for the city, in their very able and elaborate brief contend: (1) A municipal corporation can be sued in its own Courts only. (2) The statute law of Maryland makes no provisions for suits against a municipal corporation in any Court other than its own. (3) There is nothing in the common law, as interpreted by the Courts of Maryland, that is to be taken as a qualification of the rule that municipal corporations cannot be sued in Courts, other than their own.

The sole question thus presented, is whether a municipal

corporation can be sued, in this form of action, in a Court other than its own.

While the question is an important one, and may be regarded as unsettled in so far as any direct decision of this Court may be found, we are not however without what may be considered analogous adjudications, upon the question here raised.

The distinction between local and transitory actions has been carefully differentiated and sustained by a number of cases. In *Crook v. Pitcher*, 61 Md. 510, it is said: If the cause of action could only have arisen in a particular place, the action is local, and the suit must be brought in the county, or place in which it arose. Actions for damages to real property, actions on the case for nuisances or for the obstruction of one'e right of way are according to all the authorities local. In *Ireton v. The Mayor and City Council of Baltimore*, 61 Md. 432, the plaintiff sued the city, in the Circuit Court of Baltimore County for damages to his real estate and a mill thereon, by the construction of a lake near the plaintiff's property. The contention in that case was, that a municipal corporation could not be sued outside its territorial limits. This Court, however, reversed the judgment of the Court below, in quashing the writ of summons, upon the ground, that the motion was too late, for the reason the city had appeared by attorney to the suit, but it distinctly held, "the injury sued for in this case was done to real estate and the action was local and not transitory. This is the common law rule and by the decision in *Patterson v. Wilson*, 6 G. & J. 499, has been held to be the law in this State. The Circuit Court for Baltimore County being a Court of general jurisdiction had undoubted cognizance of the subject-matter."

In the case of *Gunther v. Dranbauer*, 86 Md. 1, it was said, if the pending action involved the right of the plaintiff to use the alleged highway—if he claimed a right to use it and the defendant obstructed the way, and by that or other means denied the existence or interfered with the exercise of the asserted right, the cause of action would indisputably be local,

for the reason, that the injury to that particular real estate or easement could not possibly have arisen anywhere else than where the thing injured was actually situated.

The rule seems to be well established both upon authority and reason, that trespass to real property, is a local action and the suit must be brought in the county or place where the cause of action arose.

But it is earnestly urged upon the part of the appellant, that the authorities cited, and the reason for the rule stated have no application to the case at bar because the statute law of the State make no provision for such suits, and there is nothing in the rule of the common law, as interpreted by the Courts, that can be taken as a qualification of the rule, that municipal corporations cannot be sued in Courts other than their own.

We have been referred to no decision in this State, that holds that a municipal corporation should not be bound by the rules of law, which are applicable to other litigants and no sound reason can be given why they should be excepted. The contention of the appellant, if carried to its logical conclusion, would result in depriving municipalities in the State, which have no Courts from suing or being sued at all in this class of cases and would require all actions even of ejectment, dower, trespass to real property and the like, to be instituted in Baltimore City, notwithstanding the fact that the land was situated in the counties of the State. The authorities relied upon by the appellant cannot be regarded as controlling, or establishing a rule, that would lead to such results. The case of the *City of Baltimore* v. *Merryman*, 86 Md. 585, was a suit by a resident of Baltimore County against the city, a municipal corporation, and the action was brought in Baltimore County, and subsequently removed to Harford County, where the trial was had, and judgment rendered for the plaintiff. The suit was for damages to the plaintiff's farm resulting from the erection of a dam across the Gunpowder river, whereby the stream became obstructed, so as to cause the water to overflow the farm, and injure the fencing, crops, &c., thereon. The plaintiff recovered a verdict for $2,500, and the

judgment was affirmed on appeal to this Court. While the question here presented does not appear to have been raised, or passed on in the case, it can hardly be contended that so vital a point as one affecting the jurisdiction of the Court would have escaped such eminent counsellors as Judge Elliott and Hon. Thomas G. Hayes, who appeared on the part of the city, if the practice had not been thus established.

In *Crook* v. *Pitcher, supra,* JUDGE ROBINSON, in delivering the opinion of the Court, cites with approval two cases in which municipal corporations were parties and where the rule was sustained. In *Mayor, &c., of London* v. *Cole,* 7 D. E. Reports, 583, LORD KENYON, C. J., said: An action, the fruit of which is the delivery of the land itself is necessarily local, because the possession of land situate in one county, cannot be delivered by the Sheriff of another. And to the same effect is the *Mayor of Berwick* v. *Ewart,* 2 W. Black, 1070. So in *Mercer Co.* v. *Cowles,* 7 Wall. 86, and in *Vermont* v. *Lincoln County,* 30 Fed. Rep. 749, it was held that a public corporation could be sued in a Federal Court by a citizen of another State.

It has always been the settled law in England, that actions for injuries to real property should be brought in the county where the injuries occurred. In *Mostyn* v. *Fabrigas,* Cowper, 176, LORD MANSFIELD said: "There is a formal and substantial distinction as to the locality of trials. The substantial distinction is, where the proceeding is *in rem* and where the effect of the judgment cannot be had, if it is laid in a wrong place. That is the case of ejectment, where possession is to be delivered by the Sheriff of the county, and as trials in England are in particular counties, the officers are county officers; therefore the judgment could not have effect if the action was not laid in the proper county."

Coming then, to the statutes in this State, bearing upon the question, we find, that by sec. 145 of Art. 75, of the Code, it is provided, that if any trespass shall be committed on any real property and the person committing the same shall remove from the county where such property may lie, or cannot be

found in such county, such trespasser may be sued in any county where he may be found, &c., &c. Manifestly, under this section, the suit must be brought in the county where the land lies and where the injury to the property was committed, unless the person removes therefrom, or cannot be found therein. *Balto. & Y. T. Co.* v. *Crowthers*, 63 Md. 571; *Patterson* v. *Wilson*, 6 G. & J. 499.

So in actions of ejectment the suit must be brought in the Court having jurisdiction where the property in dispute is located or found, except in cases provided for in sec. 74 of Art. 75 of the Code.

The authorities cited and relied upon to sustain the appellant's contention in this case will be found upon an examination, to be either actions of debt or resting upon statutes, not applicable to this form of action.

But whatever may be the decisions elsewhere, we think it is clear, both on reason and authority, that a municipal corporation can in this State be sued, as in this case, in a Court, other than its own.

We do not deem it necessary to discuss the question of consent, to confer jurisdiction on the Court. It is well established that unless the Court had jurisdiction of the person and subject-matter, no consent would confer it. *Price* v. *Hobbs*, 47 Md. 359; *Myer* v. *Henderson*, 88 Md. 585.

For the reasons given the judgment will be affirmed.

*Judgment affirmed, with costs.*