## PIERCY *v.* JOHNSON CITY.*

## (*Knoxville.*   September Term, 1914.)

1. **MUNICIPAL CORPORATIONS.** Actions against city. Venue. Injuries to real property.

An action against a city to recover for damages to land situated in another county, caused by the city taking, under the power of eminent domain, but without condemnation proceedings, water which would otherwise flow through the land, can be brought only in the county in which the city is located, since the rule that an action for injuries to realty is local, being based on only technical reasons, or at most reasons of private convenience, must yield to the rule that a city can be sued only in the county in which it is located, which is based upon reasons of public policy.   (*Post, p.* 233.)

Case cited and approved:   Baltimore v. Meredith Turnpike Co., 104 Md., 351.

Case cited and disapproved:   Heckscher v. Philadelphia, 6 Sadler, 346.

2. **EMINENT DOMAIN.** Remedies of property owner. Recovery of damages.

A landowner whose land is taken or occupied by another in the exercise of the right of eminent domain, without resort to condemnation proceedings, may sue the taker in an ordinary action of damages.   (*Post, pp.* 234-236.)

Cases cited and approved:   Saunders v. Railroad, 101 Tenn., 210; Railroad v. Cochrane, 3 Lea, 478; Railway v. Weaks, 81 Tenn.,

---

*On the question of venue of action against municipal corporation, see note in 25 L. R. A. (N. S.), 711.

As to the right of one whose property has been taken for public use without condemnation proceedings, to maintain action for compensation or for permanent damages, see note in 28 L. R. A. (N. S.), 968.

149; Mattix v. Swepston, 127 Tenn., 693; Phillips v. Baltimore, 110 Md., 431; Mostyne v. Fabrigas, Cowp., 161.

Cases cited and distinguished: Livingston v. Jefferson, 1 Brock., 203; Nashville v. Webb, 114 Tenn., 432.

## FROM UNICOI.

Appeal from the Circuit Court of Unicoi County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—DANA HARMON, Judge.

JAMES B. Cox, for plaintiff.

GEO. C. SELLS, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This action was commenced by the issuance, at the instance of plaintiff, of a summons from the circuit court of Unicoi county commanding the defendant, the city of Johnson City to answer in that court the plaintiff "in an action of damages caused to his land in Unicoi county by the diversion of the waters of two large springs out of their natural channel and away from his land below, by said city of Johnson City, and to his damage in the sum of $2,000."

This writ was addressed to the sheriff of Washington county, in which the defendant city lies, and was by

Piercy v. Johnson City.

the sheriff there served on the mayor, S. E. Miller, the highest officer of the city.

The city. defended on the ground that it was not thus subject to be sued out of the county of its *situs*.

The circuit judge held that the circuit court of Unicoi county had not jurisdiction of the city under the process referred to. On appeal the court of civil appeals, Judges Wilson and Hall dissenting, reversed the judgment; and the city has filed a petition for the writ of *certiorari* to have here reviewed the judgment of the court of civil appeals.

The city, in the exercise of the power of eminent domain given it by statute,. had taken for its waterworks system the output of certain springs the waters of which had flowed and would have continued to flow through plaintiff's land; this, without resorting to condemnation proceedings.

The point thus raised appears to have been decided in but few cases. In *Baltimore* v. *Meredith, etc., Turnpike Co.*, 104 Md., 351, 65 Atl., 35, 10 Ann. Cas., 35, the court, for reasons that are not satisfying, held that a municipal corporation may be sued outside the county in which it is located in an action for trespass on realty lying in another county. The contrary was held by the supreme court of Pennsylvania in *Heckscher* v. *Philadelphia*, 6 Sadler (Pa.), 346, 9 Atl., 281, in respect of a suit for damages for injuries to plaintiff's colliery in a county other than that of the municipal corporation.

The landowner, in event his land is taken or occupied by another by the exercise of the right of eminent domain without resort to condemnation proceedings, may proceed to sue the taker in an ordinary action of damages. *Saunders* v. *Railroad,* 101 Tenn. (17 Pickle), 210, 47 S. W., 155; *Railroad* v. *Cochrane,* 3 Lea (71 Tenn.), 478.

We need not discuss or decide whether the action for damages to realty growing out of the diversion of the flow of water from the springs is one transitory or local in character, as to which see *Railway* v. *Weaks,* 13 Lea (81 Tenn.), 149, and *Mattix* v. *Swepson,* 127 Tenn., 693, 155 S. W., 928.

If we assume, and proceed on that basis, that an action for injury to realty is local in character, then we have two rules, seemingly applicable, which are in opposition, the one to the other. The first would remit the party plaintiff for action to Washington county in which is located the municipality to be subjected to liability, the other to Unicoi county where the land is situated.

Which of the two rules should be declared paramount?

While it must be admitted that it is held in a great majority of English and American cases that an action for damages to real property is local, that doctrine was established over the opinion of Lord Mansfield to the contrary (*Mostyne* v. *Fabrigas,* Cowp., 161), and the views of Chief Justice Marshall in *Livingston* v. *Jefferson,* 1 Brock, 203, Fed. Cas. No. 8,411. In arguing

against the soundness of the rule Chief Justice Marshall there said touching the lack of reason to support it: "I have yet to discern a reason other than a technical one which can satisfy my judgment."

On the other hand the reason for the rule in respect of actions against municipal corporations being local are far from being technical. This court in the case of *Nashville* v. *Webb,* 114 Tenn., 432, 85 S. W., 404, 4 Ann. Cas., 1169, speaking through the present Chief Justice, said:

"It is a misnomer, a misapplication of terms, to speak of an action against such a body as transitory, no matter what the ground may be on which the right of action rests. Such actions are not only inherently local, but it is of the greatest importance to the welfare of such bodies, and of the citizens whom they serve, that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the State to attend to litigation brought against the city."

It is thus seen that the ruling is based on public policy. The Maryland court, which ruled as above, indicated in *Baltimore* v. *Meredith, etc., Turnpike Co.,* supra, in the later case of *Phillips* v. *Baltimore,* 110 Md., 431, 72 Atl., 902, 25 L. R. A. (N. S.), 711, in which was involved a transitory cause of action, expressly gave assent to the view that considerations of public policy forbid the maintenance of such actions in a county other than that of the municipality, thus:

''The principle that is involved is that of inconvenience to the exercise of the sovereign authority delegated by the State to its municipal corporations, upon the ground that if they are to be subjected to suit in any and every part of the State, such suits must inevitably hinder and delay the successful conduct of the functions of government.''

A contrast of the reasons that underlie the respective rules here under consideration makes manifest to which of them should be given the award of paramountcy. The one based on mere technical grounds or, at most, on considerations of the convenience of private individuals must, we hold, yield to the other founded on public policy as well as public convenience.

Agreeing with the circuit judge and the minority of the court of civil appeals, we order a reversal of the judgment of the latter court and an affirmance of the judgment of the circuit court of Unicoi county.