/s/Highers
HIGHERS, J.
/s/Farmer
FARMER, J.

LAMAR ADVERTISING OF
TENNESSEE, INC.,
Plaintiff–Appellant,

v.

METROPOLITAN DEVELOPMENT
AND HOUSING AUTHORITY,
Defendant–Appellee.

Court of Appeals of Tennessee,
Western Section, at Nashville.

Oct. 10, 1990.

Application for Permission to Appeal
Denied by Supreme Court
Dec. 31, 1990.

George E. Barrett and Jad Davis, Nashville, for defendant-appellee.

Charles W. Bone, Ben A. Burns, and George J. Phillips, Nashville, for plaintiff-appellant.

CRAWFORD, Judge.

Plaintiff, Lamar Advertising of Tennessee, Inc., (Lamar) appeals from the order of the trial court which denied its motion for summary judgment and granted summary judgment to defendant Metropolitan Development and Housing Authority (MDHA) on its counterclaim.

Lamar's complaint, filed August 28, 1986, alleges that Lamar had a valid property interest in sign structures and a portion of the real property on which the sign structures were located at 614 Second Avenue South and 510 Commerce Street in Nashville, Tennessee. Plaintiff avers that MDHA, a governmental entity, condemned the underlying real property on which the signs were located and failed to pay any compensation to plaintiffs for the loss thereof. Lamar further avers that defendant's actions violated Article I, Sec. 21 of the Tennessee Constitution and the Fifth

and Fourteenth Amendments to the Constitution of the United States. MDHA's answer, as amended, admits that it condemned the property at 614 Second Avenue North, but avers that it acquired the property at 510 Commerce Street by negotiation. The answer further admits that the signs were removed from the property as alleged, but were removed only after Lamar refused to remove them as MDHA alleges they were contractually obligated to do. The answer joins issue on the remaining material allegations of the complaint.

By way of countercomplaint, MDHA sues Lamar and avers that at the time of the condemnation of one parcel and the purchase of the other parcel, the existing lease agreements between Lamar and the then property owners allowed for the erection of billboard signs on the properties, but contained cancellation privileges upon 30 or 60 days notice. The counterclaim avers that Lamar was obligated to remove the signs at its expense, but after Lamar received proper notice and refused to move the signs, MDHA removed the signs and incurred expenses for which they seek recovery.

Lamar filed a motion for summary judgment and in support of the motion, relies upon the pleadings filed in the case and the affidavits of Bob Howard of MDHA. MDHA filed a motion for summary judgment and in support thereof relies upon the pleadings, affidavit and supplemental affidavit of Bob Howard of MDHA and admission made by Lamar in its Response to Request for Admissions.

Since the circumstances differ as to each of the two properties involved, our examination of the proof in support of the motions for summary judgment will be separated as to each of the properties.

## COMMERCE STREET PROPERTY

The affidavit and supplement thereto of Bob Howard, Assistant Director of Real Estate for MDHA, states, contrary to the allegations of its answer, that the Commerce Street Property was condemned on November 7, 1983, and that shortly thereafter MDHA terminated the previous owner's lease agreement with Lamar. This lease agreement, attached as an exhibit to the affidavit, provides for a term of one year from the first day of August, 1979, to continue in force "year to year at the above rental until terminated by written notice served by either party not less than 30 days before the end of such term, or additional year."

Howard further deposes that on November 11, 1983, MDHA entered into a month to month lease agreement with Lamar, a copy of which is attached to the affidavit and which lease agreement provides that either party may terminate the lease by 30 days written notice, prior to the intended date of termination. The lease also contained the following provision: "By execution of this agreement, lessee does not forfeit any rights as to ownership and/or relocation expense payments for the designed improvements." Notice was given by MDHA on April 18, 1985 for termination of this lease agreement on June 1, 1985. Lamar was also given notice to remove the sign on the Commerce Street Property by June 1, 1985, but failed to do so. The affidavit further states that signs on Commerce Street were moved in October, 1985, after Lamar refused to move them.

The cost of removing the Commerce Street signs was stipulated at $660.00.

Lamar responded to requests for admissions and admitted that it entered into a lease agreement with MDHA on the Commerce Street Property and that they received 30 days written notice of cancellation thereof. It further admitted that it was requested to remove the two signs, but did not do so.

## SECOND AVENUE PROPERTY

The affidavit of Bob Howard states as to the Second Avenue Property, contrary to the allegations of the answer, that MDHA acquired this property by purchase on July 27, 1984. The property owners had an existing lease with Lamar dated July 31, 1983, which provided, among other things, that it could be terminated on 60 days notice. The lease was attached as Exhibit

D and the precise wording of the termination clause states:

> The lessor may terminate this lease by giving written notice of termination and refunding any unearned rental paid in advance. In the event of termination of the lease under this paragraph, the lease shall terminate 60 days after receipt of the notice of termination and any unearned rental, and said lessee further agrees to remove all advertising structures and displays within 60 days from receipt of said notice.

Howard continues deposing that he gave notice of termination on June 25, 1984, and attached as an exhibit to his affidavit a copy of the notice which states:

> Please accept this letter as your notification that this Agency, on June 19, 1984, entered into a contract with Mr. J.D. Wright, Jr. and others to purchase the above referenced parcel of land. We understand that your firm has two advertising structures on this property (Lease No. 10063) and your lease states that the Lessor may terminate the Lease Agreement upon giving written notice of termination and the signs will be removed at the Lessee's expense within 60 days after receiving the notice. It is the intention of this Agency to cancel this Lease Agreement as soon as possible after the acquisition of this property.
>
> If your firm wishes to continue to lease this property on a month-to-month basis, our Agency will consider such a lease arrangement if received from you. If you have any questions regarding these comments, please contact me personally.

Howard further deposes that Lamar refused to move the signs and MDHA had the signs removed at its expense.

The parties stipulated that the cost to remove these signs was $440.00.

The trial court in granting MDHA's summary judgment, and denying Lamar's summary judgment motion made the following findings:

> \* \* \* \* \* \*
>
> The Court finds that there are no material issues of fact in dispute and the matter is ripe for summary judgment. The Court finds that this is not a civil rights case, covered by 42 U.S.C. § 1983; nor is it an inverse condemnation case, wherein it is alleged that MDHA has taken the property of the Plaintiff by inverse condemnation. The Court finds that this is a contract case, wherein the relationship of the parties is governed by the contract between the parties, or the contract to which Defendant MDHA acceded when it acquired the property in dispute. Further, that under said contract the Defendant had a right to cancel the contracts with the Plaintiff, and that the Defendants gave proper notice, and the contract was properly terminated.
>
> \* \* \* \* \* \*

The only issue on appeal is whether the trial court erred in granting MDHA's motion for summary judgment and denying Lamar's motion for summary judgment.

As to the Commerce Street Property, Lamar asserts that MDHA condemned the property and took Lamar's leasehold interest for which Lamar should be compensated. Although the record is silent on the point, it is apparent that MDHA did not name Lamar as a party to the condemnation proceedings pursuant to T.C.A. § 29-16-106 (1980). Lamar argues that the new lease it executed with MDHA should have no bearing on the fact of the previous taking by MDHA. Moreover, it argues that the lease specifically provided that Lamar did not waive its right by executing the new lease.

MDHA concedes that it condemned the Commerce Street Property and that Lamar had a leasehold interest therein at the time it was condemned. A leasehold interest is an interest compensable when the property is taken by eminent domain. See *Shelby County v. Barden,* 527 S.W.2d 124 (Tenn.1975).

Art. 1, Sec. 21 of the Constitution of Tennessee provides:

> No man's services or property taken without consent or compensation.—That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his

representatives, or without just compensation being made therefor.

A landowner whose land is taken or occupied by another in the exercise of the right of eminent domain, without resort to condemnation proceedings, may sue the taker in an ordinary action of damages. *Piercy v. Johnson City*, 130 Tenn. 231, 234, 169 S.W. 765, 1915 L.R.A. 1029 (1914). In *Barron v. Memphis*, 113 Tenn. 89, 80 S.W. 832 (1904), suit was brought by the plaintiff landowner in the nature of trespass on the case to recover damages to her property. The Supreme Court, relying on Art. 1, Sec. 1 of the Constitution of Tennessee found that the action of the city was a taking of the plaintiff's property within the meaning of the constitutional provision. In the case before us, it is conceded that there was a taking of Lamar's property, but MDHA argues that there was no damage. On the other hand, Lamar contends that it was damaged by virtue of the taking. This is a disputed issue of material fact which was not resolved by affidavits and other material in support of the two motions for summary judgment.

Summary judgment is to be rendered by a trial court only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.03 (1984). In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tennessee*, 692 S.W.2d 420 (Tenn.App.1985); *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983).

As to the Commerce Street Property in the case before us, there are disputed issues of material fact concerning the amount of damages sustained by Lamar by virtue of the conceded taking of its property without just compensation. Intertwined with the question of damages is the cost of removal of the signs or restoration of the property and therefore summary judgment for either party was not appropriate as to the Commerce Street Property.

As to the Second Avenue Property, it is undisputed that MDHA acquired the underlying fee simple title by purchase and therefore acceded to the seller's rights in the lease agreement with Lamar. The lease agreement specifically provided for termination of the lease "by giving written notice of termination and refunding any unearned rental paid in advance." MDHA argues that it complied with the lease requirements and properly terminated the lease but does not prove by affidavit or admission that the refund of any rentals was made if any were in fact due. On the other hand, Lamar argues that there was no proper cancellation of the lease both by virtue of the wording of the letter and apparently by the fact that no rental refund was tendered. In any event, it does appear to this court that there are disputed material issues of fact as to the Second Avenue Property and that summary judgment for either party was inappropriate.

Accordingly, the judgment of the trial court is vacated in its entirety and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against appellee.

HIGHERS and FARMER, JJ., concur.