### CITY OF CORPUS CHRISTI v. ORIENTAL OIL CO. (No. 8725.)

(Court of Civil Appeals of Texas. Dallas. Dec. 9, 1922. Rehearing Denied Jan. 13, 1923.)

1. Venue ⟨⟩17—Venue agreement not a part of cause of action.

A venue agreement is not a part of the cause of action, but merely controls the venue of the case, so that it was permissible for plaintiff to urge such agreement in defense of plea of privilege, though action was based on an open account.

2. Municipal corporations ⟨⟩1024—Actions against must be brought in county where it is situated.

Any action against a municipal corporation is of an inherently local nature and must be brought in the county in which it is situated.

3. Municipal corporations ⟨⟩247—Agreement fixing venue of action against it in another county ultra vires.

An agreement of a municipal corporation, stipulating that any items of merchandise bought, as well as those to be sold on future orders, should be paid for in another county, was ultra vires and insufficient to form the basis of venue of an action in the district court of the other county.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Oriental Oil Company against the City of Corpus Christi. From a judgment overruling plea of privilege, defendant appeals. Reversed, with instructions.

Gano, Gano & Scurry, of Dallas, for appellant.

Leake & Henry, of Dallas, for appellee.

HAMILTON, J. This appeal is prosecuted from a judgment overruling a plea of privilege.

Appellee's petition is apparently based upon an open account covering various items of merchandise sold and shipped to appellant at the respective prices contained in the itemized statement.

The record contains an agreed statement of the facts introduced in connection with the plea of privilege and the controverting affidavit showing the following: (1) That before any of the items for which appellee seeks recovery were sold and shipped, an order was signed by appellant's "purchasing agent," containing, among other stipulations, an agreement that the items in that particular order, as well as those to be sold upon all future orders, should be paid for in Dallas. It was admitted in connection with this evidence that this signed order did not include any of the items sued for by plaintiff as revealed in its petition. (2) The charter of the city of Corpus Christi was put in evidence for the purpose of showing that it provides for no such officer as a "purchasing agent" and authorizes no such person to execute contracts for the city of Corpus Christi.

[1] Appellant's first proposition is that the plea of privilege should have been sustained because appellee could not base its cause of action upon a suit for debt based upon open account and resist a plea of privilege on the ground that the cause of action was based upon a written instrument or agreement. We reject appellant's view and accept that of

appellee with reference to this proposition, to the effect that a venue agreement is not a part of the cause of action but merely controls the venue of the case. The district court of Dallas county had jurisdiction of the cause of action alleged because its jurisdiction is coextensive with the territorial area of the state of Texas, and, except for the plea of privilege interposed, its judgment finally entered would have been a valid determination of the case. Under a plea of privilege presented in the attitude of this one, the question of venue is not to be determined by the original pleadings, but by the actual facts established with reference to the controverted plea of privilege. It is the facts as they exist and not the allegations of the petition in this case which determine venue.

[2, 3] The second proposition relied upon by appellant, we think, is sound, and ought to be sustained. It is that a municipal corporation cannot be bound by a contract limiting or changing the venue of a cause of action against a municipality so as to render a suit maintainable in a venue beyond that of its domicile. The weight of authority holds that any action against a municipal corporation is of an inherently local nature and must be brought in the county in which the municipality is situated. The view expressed by the courts is that it is of the greatest importance to the welfare of such public bodies, as well as of the citizens of municipalities, that their officers be not subjected to being called away from their duties to attend the trial of cases at distant points. 19 R. C. L. 1049; Phillips v. Baltimore, 110 Md. 431, 72 Atl. 902, 25 L. R. A. (N. S.) 711. This, we think, is sound policy and ought to be the rule to be applied in this state. Accordingly, we hold that the agreement fixing venue in Dallas was ultra vires and is insufficient to form the basis of venue in the district court of Dallas county. Whether or not the "purchasing agent" had authority to make the contract we think would be immaterial on any feature of the case, including that of venue, provided the conduct of appellant was such as to indicate, as it seems to do, that it acted upon and ratified the undertaking.

The judgment is reversed, with instructions to transfer the case to the district court of Nueces county.