## CITY OF MINERAL WELLS v. ACME BRICK CO. (No. 7148.)

(Court of Civil Appeals of Texas. San Antonio. April 23, 1924. Rehearing Denied May 22, 1924.)

Municipal corporations ⬌1024—Venue of action county of situs of corporation.

A municipality can only be sued in county of its situs; Rev. St. art. 1830, subds. 9 and 14, providing exceptions to exclusive venue, and applying to all "persons," which by article 5504 includes "corporations," being inapplicable to municipal corporations, in view of public policy, when not expressly including them.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Action by the Acme Brick Company against the City of Mineral Wells. From an order overruling its plea of privilege, defendant appeals. Reversed and remanded, with instructions.

John W. Birdwell, Penix, Miller & Perkins, Smith & Smith, and Gross & Zivly, all of Mineral Wells, for appellant.

Flournoy & Smith, of Fort Worth, for appellee.

SMITH, J. The Acme Brick Company owns and operates a brick plant on its own land, situated on Rock creek, in Parker county. The city of Mineral Wells, Palo Pinto county, acting under the authority of a permit issued to it by the state board of water engineers, constructed a dam across Rock creek, at a point about eight miles above the brick plant and four miles below the city, thus creating a reservoir in which is impounded and stored, and from which is distributed, the water supply of the city and its people. The brick company brought this action against the city in the district court of Parker county, in which the company's plant and land and the city's dam and reservoir are situated, alleging that the city had so operated the gates, or openings in its dam as to cut off the natural or normal flow of the waters of the creek and deprive the brick company of a sufficient supply of water to operate its plant and meet the domestic needs of its employees, resulting in damages, to the company in a substantial amount. The company prayed for damages, for a decree establishing its riparian rights in its lands, "to have the waters of said creek to flow on down through said lands, unimpeded and undiminished, * * * and that plaintiff be quieted in its title to said riparian rights and to the waters of said creek and the use thereof," and for a decree canceling the permit issued by the board of water engineers as a cloud upon plaintiff's title to "its riparian rights in said lands."

The city of Mineral Wells filed its plea of privilege, in due form, to be sued in the county of its situs, to wit, Palo Pinto county. This plea was in due course controverted by the brick company, which claimed that venue lay in Parker county, where the suit was brought, under the exceptions contained in subdivisions 9 and 14 of article 1830, the venue statute, which exceptions to exclusive venue in the county of one's residence are thus stated:

"9. *Cases of Crime, Offense or Trespass.*— Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime, or offense, or trespass was committed, or in the county where the defendant has his domicile."

"14. *Suits Concerning Lands.*—Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

An interlocutory order was entered in the trial court, overruling the plea of privilege, and the city has appealed.

In this as well as a majority of the other states actions are arbitrarily divided by statute into two classes, transitory and local, and venue of such actions is fixed according to this classification, so that in the one case the action may follow the person of the defendant wherever he may be found, while in the other the venue of the action is fixed by the situs of the thing in controversy. It is upon this distinction that the statute arbitrarily classifies as local all actions concerning lands or the title thereto, or trespass thereon, and fixes the venue of such actions

in the county in which the lands are situated It has been pointed out, however, that actions concerning realty are as a practical matter personal, since the title thereto rests in the owner, wherever he may be, but that as a matter of public policy such actions are nevertheless usually made local by stature. Such is true in this state. The distinction, however, is nevertheless largely technical and arbitrary; whereas actions of every character against political subdivisions, such as municipal corporations, are inherently and inexorably local. The municipal corporation cannot change its situs or place of abode, or sojourn for a time in this locality or that, or remove from one county to another. It must remain forever in the situs of its origin, and a wise public policy requires that it be sued where it is found, in the county of its situs. Or, as was said by the Supreme Court of Tennessee in Mayor of Nashville v. Webb, 114 Tenn. 432, 85 S. W. 404, 4 Ann. Cas. 1169:

"It is a misnomer, a misapplication of terms, to speak of an action against such a body as transitory, no matter what the ground may be on which the right of action rests. Such actions are not only inherently local, but it is of the greatest importance to the welfare of such bodies, and of the citizens whom they serve, that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation brought against the city through the agency of counterpart writs."

And the same court, in the later case of Piercy v. Johnson City, 130 Tenn. 231, 169 S. W. 765, L. R. A. 1915F, 1029, made this direct application and disposition of the question under consideration:

"We need not discuss or decide whether the action for damages to realty growing out of the diversion of the flow of water from the springs is one transitory or local in character. * * * If we assume, and proceed on that basis, that an action for injury to realty is local in character, then we have two rules, seemingly applicable, which are in opposition, the one to the other. The first would remit the party plaintiff for action to Washington county in which is located the municipality to be subjected to liability, the other to Unicoi county where the land is situated. Which of the two rules should be declared paramount? * * * A contrast of the reasons that underlie the respective rules here under consideration makes manifest to which of them should be given the award of paramountcy. The one based on mere technical grounds or, at most, on considerations of the convenience of private individuals must, we hold, yield to the other founded on public policy as well as public convenience."

Under our statutes the exceptions to exclusive venue apply to all "persons," and under the general rule, as well as by express provision of the statutes (article 5504), the word "person" when used in a statute includes "corporations." But it is not expressly made to include municipalities, or municipal corporations, and by the overwhelming weight of authority it is held in deference to the demand of public policy, to which we have adverted, that, unless a venue statute expressly includes municipal corporations in the exceptions to exclusive venue provisions, those exceptions will not be extended by implication. We so hold in this case. 19 R. C. L. p. 1049; City of Corpus Christi v. Oil Co. (Tex. Civ. App.) 246 S. W. 718; Pack v. Greenbush, Tp., 62 Mich. 122, 28 N. W. 746; Mayor of Nashville v. Webb, supra; Piercy v. Johnson City, supra; Heckscer v. Philadelphia (Pa.) 9 Atl. 281; Phillips v. Baltimore, 110 Md. 431, 72 Atl. 902, 25 L. R. A. (N. S.) 711.

The judgment of the trial court overruling the plea of privilege will be reversed, and the cause remanded, with instructions to the clerk of the district court of Parker county to make out and transmit the record and original papers in this cause to the district court of Palo Pinto county, as provided in article 1916, R. S.

*Reversed and remanded, with instructions.*