# OCTOBER, 1925

CITY OF TAHOKA V. W. H. JACKSON ET AL.

No. 4257.   Decided October 21, 1925.

(276 S. W., 662.)

**1.—Venue—Statute—Common Law.**

In this state the venue of suits is prescribed by legislative enactment and common law rules as to venue do not obtain.   (P. 92.)

**2.—Same—Person—Municipal Corporation.**

Our statute permitting suit to be brought in any county where a "person" has contracted in writing to perform an obligation includes corporations, private or public, as persons to whom it applies.   (P. 92.)

**3.—Same—Statutory Construction.**

The express exception of counties from liability to be sued where by written contract they have promised performance (Rev. Stats. Art. 1830, Sec. 19) shows that other municipal corporations were not regarded as so excepted from the operation of the statute.   (Pp. 92, 93.)

**4.—Municipal Corporations—Officers—Power of Contract—Case Disapproved.**

The contract of officers of a city to perform a contract in another state or county cannot be regarded as beyond their powers.   City of Corpus Christi v. Oriental Oil Co., 246 S. W., 718, is disapproved.   (P. 93.)

Questions certified from the Court of Civil Appeals for the Tenth District, in an appeal from Dallas County.

The Supreme Court referred the questions to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same and directs it to be certified to the Appellate Court as its answer.

*William H. Flippen* and *L. M. Rice,* for appellant.

A municipal corporation cannot enter into a binding contract allowing it to be sued in any county other than that in which such corporation is situated, and hence the plaintiffs have failed to discharge the burden of proving that the Fifth Exception of the Venue Statute applies in this case.   City of Corpus Christi v. Oriental Oil Co., 246 S. W., 718.

*Phillips, Townsend & Phillips,* and *Tom Scurry,* for appellee.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

This case is submitted on certified questions from the Court of Civil Appeals of the Tenth Supreme Judicial District on the following statement:

"This is an appeal from an interlocutory judgment of the District Court of Dallas County overruling a plea of privilege. The City of Tahoka, a municipal corporation, appellant herein, entered into a contract in writing with W. H. Jackson and others, appellees herein, in which contract appellees agreed to furnish all materials and perform all labor required for the construction of a twenty-five foot increase in height of standpipe at Tahoka, Texas, and to do and perform other services in connection therewith not necessary to set out in detail. In consideration of said agreement on the part of appellees, appellant agrees to furnish free of cost and expense to appellees any and all grounds required for the installing of such structure, the right-of-way for laying all pipes and fixtures connected with said structure, the unloading from cars and hauling to tank site of all materials, and upon the completion of said work in accordance with the plans and specifications and said agreement, to accept same and make payment of the balance due to parties of the first part. Appellant further agreed to pay appellees therefor the sum of $2,000.00, seventy-five per cent to be sight draft on bill of lading, balance on completion and test. Said contest contained the following provision:

"'All payments are to be made in cash at Dallas, Texas.'

"Appellees alleged in their petition the making of said contract in writing as aforesaid, and pleaded the terms thereof in detail. They also alleged that prior to the making of said contract appellant had made provision for the payment of said money and had set aside and had on hand a sufficient sum of money to pay the amount stipulated in said contract. They also alleged tender of performance of said contract and refusal by appellant to permit such performance. They further alleged that appellant had had the work so contracted for performed by other parties. They further alleged that they were damaged in the sum of $1,000.00, the same being the difference between the cost of furnishing all the material and labor in constructing said extension of said standpipe as specified and said contract price agreed to be paid them.

"Appellant filed a plea of privilege to be sued in Lynn County, in which county it is situated and has its legal domicile. Appel-

lees under oath controverted said plea of privilege by the following specific averments:

" 'That heretofore, to-wit, on or about the 12th day of April, 1921, the plaintiffs, acting by and through their duly authorized agent and representative, O. D. DeHart, and the defendant, acting by and through its duly authorized mayor, J. R. Singleton, entered into a certain written contract wherein the defendant bound and obligated itself to pay to plaintiffs, at Dallas, Texas, the sum of Two Thousand ($2,000.00) Dollars as stated in plaintiffs' original petition herein filed, for certain materials plaintiffs agreed to deliver to defendant. That plaintiffs have at all times since been ready, able and willing, and have tendered the full and complete performance of said contract, but the defendant refused to accept the delivery of said materials and by reason of the execution of said contract and the wording thereof, became bound and obligated to pay to plaintiffs, at Dallas, Texas, the damages sustained by plaintiffs. ·

" 'Wherefore, plaintiffs say that this cause comes within Exception No. 5 of Article 1830 of the Revised Civil Statutes of the State of Texas, 1911, providing that where a person has contracted in writing. to perform an obligation in any particular county, suit may be instituted in such county. That the City of Dallas is in Dallas County, Texas, and this suit was instituted in the county in which the defendant promised to pay said sum of money in said written contract.' "

"The court heard the issue so formed. At such hearing appellant introduced evidence identifying the contract pleaded and proving its execution by the parties purporting to execute the same, and also introduced said contract in evidence. The court entered an interlocutory judgment, overruling the plea of privilege and directing that the cause be set down for hearing in the said court on its merits, to which appellant excepted and from which interlocutory judgment it has perfected an appeal to this court.

"Among the propositions submitted by appellant in seeking a reversal of the judgment of the court overruling its plea of privilege, is the following:

" 'A municipal corporation cannot enter into a binding contract allowing it to be sued in any county other than that in which such corporation is situated, and hence the plaintiffs have failed to discharge the burden of proving that the Fifth Exception of the Venue Statute applies in this case.' "

The questions certified are:

"FIRST: Is said exception No. 5 of Article 1830 applicable to lawful. contracts of municipal corporations, and sufficient to confer jurisdiction on the courts of the county where such contracts stipulate performance on the part of such corporation as against a plea of privilege by such corporation to be sued in the county of its domicile?

"SECOND: Should the judgment of the trial court in this case be reversed on the proposition so submitted by appellant?"

By the great weight of authority in other jurisdictions it has been held that at common law an action against a municipal corporation must be brought in the county in which the municipality is situated. 19 R. C. L., p. 1049. It has been held by the courts of other states, that a statute providing that corporations may be sued in counties other than that in which they had their domicile, is not applicable to municipal corporations. Phillips v. Baltimore, 110 Maryland, 431, 72 Atl., 902, 25 L. R. A., (N. S.) 711; Nashville v. Webb, 114 Tenn., 432, 85 S. W., 404, 4 Ann. Cas., 1169.

In this state, however, the venue of suits is prescribed by legislative enactment and common law rules as to venue do not obtain. Article 1830 of the Revised Civil Statutes of 1911 provides that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases * * * ." This provision is followed by numerous exceptions, one of which is Exception No. 5, as follows:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

The word person as used in this article. must, under Article 5504, be construed to include corporations. For not only is there no different meaning appearing from the context, but the context clearly shows that both private corporations and public corporations were by the Legislature intended to be included by the use of this word. Exception or Section 19 of Article 1830 expressly exempts counties, which are public corporations created by law, from all other exceptions enumerated in the article. If there had been no intention to include municipal corporations within its provisions, there would have been no necessity to exempt counties therefrom. Having expressly excluded counties from the terms of the exception, we are forced to the conclusion

that all public corporations not excluded were intended to be included in the provisions of all exceptions applicable to them.

In constructing, equipping, repairing and operating their water and other public utility plants, which they are authorized to own and operate, it may become necessary for municipal corporations acting through their officers to agree in writing to perform their obligations in counties other than those in which they are situated and have their domicile. For this reason it cannot be said that the authorized act of their officers in so agreeing and contracting is ultra vires, and we cannot agree with the holding of the Court of Civil Appeals in the case of City of Corpus Christi v. Oriental Oil Co., 246 S. W. 718, that officers of an incorporated city may not enter into a written contract to perform its obligation in a county other than that in which it is situated. If such city does so contract, Exception No. 5 above quoted is applicable to it, and it cannot successfully insist that it cannot be required to answer a suit against it in a county in which the law has placed the venue.

We are not here discussing the question as to whether the officers of a city may bind it by agreeing that it may be sued in a county other than that in which venue is fixed by law. That question, under the facts recited in the certificate, is not here presented.

We recommend that question No. 1 be answered in the affirmative and question No. 2 in the negative.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.                    *C. M. Cureton,* Chief Justice.