## CITY OF DALLAS v. SPRINGER et al.
(No. 11980.)

Court of Civil Appeals of Texas. Fort Worth. June 9, 1928.

Rehearing Denied July 14, 1928.

**1. Appeal and error ⬅️374(4)—City of Dallas, appealing from judgment against it, was not required to give appeal bond (Rev. St. 1925, art. 1174, 1177, 2072; Special Dallas City Charter, art. 14, § 12).**

City of Dallas, appealing from judgment which denied its plea of privilege, was not required to give appeal bond, under Rev. St. 1925, art. 1174, 1177, 2072, and Special Dallas City Charter, art. 14, § 12, relieving city from necessity of giving security.

**2. Evidence ⬅️31—Special charter of city of Dallas is subject of judicial notice.**

Court must take judicial cognizance of special charter of city of Dallas.

**3. Pleading ⬅️111—Plea of privilege deprives court of jurisdiction to enter any other judgment than one transferring case, unless controverting affidavit is filed in time (Rev. St. 1925, art. 2007, 2019).**

Plea of privilege sufficient on its face, where filed in due time, deprives court of jurisdiction to enter any other judgment than one transferring the case, under Rev. St. 1925, art. 2019, unless controverting affidavit is filed within time allowed by Rev. St. 1925, art. 2007.

**4. Time ⬅️10(2)—Filing of controverting affidavit more than five days after appearance day held too late, though fifth day was Sunday (Rev. St. 1925, art. 2007, 2008, 2019).**

Where plea of privilege was filed on June 6th, which was return day of June term of

court, controverting affidavit filed on June 14th came too late, and trial court was required to transfer case, under Rev. St. 1925, art. 2007, 2008, 2019, which requires that plaintiff "shall within five days after appearance day file a controverting affidavit," though fifth day after appearance day fell on Sunday.

**5. Time ⬅️10(1)—Where statute directs doing of act within certain number of days, Sunday cannot be excluded, though it is the last day.**

Courts, in construction of their own rules of practice, generally exclude Sunday in the computation of time; but, where statute directs that act shall be done within certain number of days, Sunday cannot be excluded, though it is the last day.

**6. Pleading ⬅️111—Allegations of plea of privilege must be accepted as true, where controverting affidavit is not filed in time (Rev. St. 1925, art. 2007, 2008).**

Where controverting affidavit is not filed in time, under Rev. St. 1925, art. 2007, 2008, allegations of plea of privilege must be accepted as true in determining question of venue.

**7. Venue ⬅️22(3)—Trial court is not justified in overruling plea of privilege by virtue of existence of resident defendants fraudulently joined to secure local venue (Rev. St. 1925, art. 1995, subd. 4).**

Inclusion of resident defendants in cause of action against nonresident defendant does not justify trial court in overruling plea of privilege, under Rev. St. 1925, art. 1995, subd. 4, where resident defendants are fraudulently joined for purpose of securing venue in county of plaintiff residence.

On Appellees' Motion for Rehearing.

**8. Appeal and error ⬅️1169(10)—Entire case will be transferred to county of defendant's residence, where judgment overruling defendant's plea of privilege is reversed on appeal.**

Where judgment overruling plea of privilege is reversed, entire case will be transferred to county of defendant's residence, and will not be merely remanded to trial court, with instructions to make transfer as to defendant complaining of overruling plea of privilege.

Appeal from District Court, Denton County; Alvin C. Owsley, Judge.

Suit by W. J. Springer and another against the City of Dallas and others. From a judgment overruling its plea of privilege, defendant named appeals. Reversed and rendered, with instructions.

J. J. Collins, City Atty., H. P. Kucera, W. Hughes Knight, and A. A. Long, all of Dallas, for appellant.

Hopkins & Koons, of Denton, for appellees.

BUCK, J. W. J. and W. S. Springer filed suit in the district court of Denton county against the Texas & Pacific Railway Company, W. E. Callahan Construction Company, and the city of Dallas, for damages. Plaintiffs alleged that the Texas & Pacific Railway

Company, hereinafter called railway company, has a local agent in Denton county, and that W. E. Callahan Construction Company, hereinafter called construction company, is a corporation duly incorporated under the laws of the state of Nebraska, and has an agent and maintains an office in Denton county, and that the city of Dallas, a municipal corporation, has its domicile in Dallas county; that the plaintiff W. J. Springer is the owner of a tract of land of about 484 acres, located on the waters of Elm fork of the Trinity river above and near the mouth of Clear creek, Denton county, and that said land is rich and fertile bottom land, and is above ordinary overflow damages, when the natural flow of water is unobstructed, and for many years prior to 1926 it had been a rich and fertile farm, capable of and accustomed to producing good crops of cotton, corn, oats, hay, and other feedstuffs; that between the spring of 1925 and the summer of 1926 the defendant railway company and the defendant city of Dallas jointly and severally raised and caused to be raised the embankment and roadbed of the railway company across the bottom of Elm fork of the Trinity river, and filled a passage under a trestle of said railway tracks, which ordinarily carried off a large amount of water, and by partially filling up passages under other trestles and culverts under said railway track, that had been left open to permit the natural flow of water under said railroad tracks and through the bottom of said Elm fork; that during said time said city of Dallas and the construction company, acting jointly and severally, constructed and caused to be constructed a large dam across the channel and bottom of Elm fork of Trinity river, some miles below plaintiff's land near the town of Garza, in Denton county, all of which embankments, fills, and dams were negligently, willfully, and wrongfully constructed, in that they did not leave sufficient open space or spaces to permit the natural flow of water that fell above such embankments, fills, and dams, along said fork of the Trinity river, and its watershed, to escape, without obstructing the natural flow of such water through the channel and wide bottom of the Elm fork of the Trinity river; that by reason thereof, during the months of May, June, and July, 1926, the exact dates being unknown to plaintiff, such embankments, fills, and dams obstructed and impeded the natural flow of water that fell on and above plaintiff's land, in such a way and to such an extent as to cause said waters to accumulate and overflow and flood plaintiff's land and damage the crops growing and grown thereon; that plaintiff W. S. Springer jointly owned with W. J. Springer 40 acres of cotton growing on said farm, and that it was damaged by the flood in the aggregate of $1,125, less the cost of production, gathering, and marketing of said crops.

Service was had on the city of Dallas by delivering a copy of citation, together with a copy of plaintiff's petition, to M. G. James, city secretary, on October 20, 1926. Service was had on the construction company by leaving a copy of the citation at its principal office in Dallas. On November 2, 1926, defendant city of Dallas filed its plea of privilege to be sued in Dallas county. M. G. James, as agent for said city, made affidavit to said plea, which alleged that no exception to exclusive venue to be sued in the county of one's residence or domicile existed in this case, and that the defendants railway company and construction company were made parties for the fraudulent purpose of seeking to procure jurisdiction over the city of Dallas in Denton county, although the plaintiffs well knew that said two companies were in no way responsible, legally or otherwise, for the alleged wrongs complained of in their petition. Affiants further alleged that, if they be mistaken in any of the foregoing allegations, the cause of action, if any, against the railway company and the construction company, are separate and independent from any cause of action against the defendant city of Dallas, and that these alleged causes of action were fraudulently joined together in this suit for the purpose of acquiring jurisdiction over the city of Dallas in the courts of Denton county, and thereby deprive the city of Dallas of its valuable right to be sued in the county of its domicile.

On November 4, 1926, the plaintiff, who will hereinafter be styled plaintiff, whether W. S. Springer alone or W. S. and W. J. Springer both are meant, filed a controverting affidavit to the pleas of privilege of the Callahan Construction Company and the city of Dallas, claiming that the Denton county district court had jurisdiction and venue over said cause of action, inasmuch as the suit was filed against the city and company for a joint cause of action and by article 1995, subdivision 27, the Denton county district court had jurisdiction and venue to sue both corporations in Denton county, because the cause of action or a part thereof accrued in such county, and the company had an agency or respresentative in such county. Probably, though not apparently relied on by plaintiff, subdivision 4 of said article, which provides that, if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides, might be sufficient authority for placing the venue of this suit in Denton county; provided the allegations of defendant, in its plea of privilege, that the construction company and the railway company had been made parties defendant for the fraudulent purpose of placing the venue of this suit in Denton county, were shown to be untrue. On November 17, 1927, the plea of privilege filed by the city of Dallas was sustained, and the cause transferred to the district court of Dallas county,

to which the plaintiff excepted. On November 19, 1927, plaintiff's motion for a new trial was sustained and the order changing the venue to Dallas county was vacated and set aside, to which action all of the defendants excepted.

Subsequent to the filing of the first plea of privilege by the city of Dallas on November 2, 1926, and the filing of the controverting answer, on November 4, 1926, the city of Dallas file'd another plea of privilege on June 6, 1926, which was return day of June term of the district court of Denton county. On June 14, 1927, the plaintiff filed his controverting affidavit. The judgment of the court overruling this last plea of. privilege recites:

"And it appearing from the matters before the court that the plea of privilege of the city of Dallas was filed herein on June 6, 1927, which was the return day of the June term of this court, to which said city of Dallas had been cited to appear, and that said plea of privilege was in due form as provided by law, and that thereafter, on June 14, 1927, plaintiff filed herein his controverting affidavit containing the statutory provisions in such cases made and provided, and, having heard the testimony introduced by plaintiff as to the nature of his cause of action, the court is of the opinion that the statutory provision which entitles plaintiff to file a controverting affidavit within five days after appearance day should be construed to mean that he has five full court days, which would exclude Sunday, when the fifth day is Sunday, in which to file his controverting affidavit, and that, under his construction of said statute by the court, the controverting affidavit, having been filed on June 14th, was in sufficient time as contemplated by said statute, and that the law and facts are against said plea of privilege, and that it should be overruled."

From this judgment the defendant city of Dallas has appealed.

### Opinion.

[1, 2] Appellee urges that we were in error on a previous day of this term in overruling his motion to dismiss the appeal for a failure ·of appellant to give an appeal .bond. He urges that, prior to the adoption of the Revised Statutes of 1925, municipalities were exempted from giving bond under article 768, Rev. Statutes of 1911, but such article was omitted from the Statutes of 1925, and there is now no statute exempting cities from giving appeal bonds. In Midland County v. Slaughter, 118 S. W. 762, by the Sixth Court of Civil Appeals, it was held that, in the absence of a statute exempting a county from giving an appeal bond, it was necessary for a county to give an appeal bond, and, appellant having failed so to do in that case, his appeal was dismissed. The Legislature immediately enacted what is now article 2276, Rev. Civ. Statutes of 1925, so as to exempt counties from giving appeal bonds. But it is claimed that there is now no statute which

exempts the city of Dallas from giving an appeal bond, and that the appeal should have been dismissed on a former hearing.

Under the heading "Cities, Towns and Villages," article 1177, Rev. Statutes of 1925, says:

"*Former Powers.*—All powers heretofore granted any city by general law or special charter are hereby preserved to each of said cities, and the power so conferred upon such cities, either by special or general law, is hereby granted to such cities when embraced in and made a part of the charter adopted by such city; and until the charter of such city as the same now ·exists is amended and adopted, it shall be and remain in full. force and effect."

Article 1174, Rev. Civ. Statutes of 1925, provides in part:

"All cities may institute and prosecute suits without giving security, for cost and may appeal from judgment without giving supersedeas or cost bond."

Article 2072 provides in part:

"No security for costs shall be required of the state or of any incorporated city or town in any action, suit or proceeding."

The special charter of the city of Dallas, of which we must take judicial cognizance (article 14, § 12), provides:

"It shall not be necessary in any action, suit or proceeding in which the City of Dallas is a party, for any bond, undertaking or security to be executed in behalf of said city, but all such action, suits, appeals, or proceedings, shall be conducted in the same manner as if such bond, undertaking or security had been given, and said city shall be liable as if such obligation had been duly given and executed."

Therefore, we conclude that we did not err in overruling the motion to dismiss the appeal.

[3] Article 2007, Rev. Civ. Statutes of 1925, provides that:

"If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out° specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

Article 2008 provides that upon the filing of a controverting plea, or affidavit, a hearing shall be had upon the same after a copy of ·the controverting plea shall have been served on the defendant, or his attorney, for at least ten days. Under the previous statutes, the controverting plea could have been filed at some indefinite time, but .under article 2007 said plea must be filed within five days after appearance day.

In Galbraith v. Bishop, 287 S. W. 1087, by the Commission of Appeals, approved by the Supreme Court, it is said:

"Since these cases were written, the statutes of our state have been codified and re-enacted by our Legislature. Knowing how the Supreme

Court had construed this very language, no attempt was made, either by the codifiers or the Legislature, to change the language. The article above quoted is now in our 1925 Statutes as articles 2007 and 2008. The only change made by the codifiers was to correct an evident oversight in the original statute, in this: Originally the controverting plea could be filed at some indefinite time. Under the 1925 codification, that plea must be filed 'within five days after appearance day.' So, under the new statute, not in effect when the instant suit was either filed or tried, prompt action must be accorded a plea of privilege. If a plaintiff desires to hold a defendant against such a plea, he must, within said five-day period, file a controverting plea. If it is not filed, then, under article 2019 of the 1925 Statutes, the cause must be transferred to the court having jurisdiction. Therefore, under the well-settled law of this state, a plea of privilege, sufficient on its face and filed in due time, deprives a court of jurisdiction to enter any other judgment than one transferring the case, unless a controverting affidavit be duly filed. If such a controverting plea is filed, it cannot be heard until the defendant has been served with notice thereof for ten full days."

In the case of Sibley v. Continental Supply Co., 116 Tex. 402, 292 S. W. 155, the Supreme Court, in reviewing the decision of this court (290 S. W. 769), said:

"The writ of error in this case was properly refused, regardless of the erroneous construction placed by the Court of Civil Appeals on article 2007 of the Revised Statutes. Plaintiff in error could not be heard to challenge the right of the court to determine the issue made by a plea of privilege and a controverting affidavit, after entering into an agreement in writing that the court should vacate a certain judgment against him, and thereafter hear and determine the question presented by the plea and the controverting affidavit thereto."

It will be noted that the appeal in Sibley v. Continental Supply Co., supra, was from an order of the district court overruling a plea of privilege, filed on appearance day of the 1925 September term. We held that article 2007, where it provided, "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath," etc., meant the next appearance day, and, where the plea of privilege was filed on appearance day, the defendant had until five days after the next appearance day to file his controverting affidavit. Apparently, the Supreme Court was of the opinion that the controverting affidavit must be filed within five days after the filing of the plea of privilege, even though the plea of privilege was filed on appearance day. In McKittrick v. McDaniel, 300 S. W. 97, the Beaumont Court of Civil Appeals upheld the construction by the Supreme Court, apparently given to article 2007, in Sibley v. Continental Supply Co., supra.

[4, 5] If Sunday should be included, where it fell on the fifth day after appearance day,

and after the filing of the plea of privilege, then the controverting affidavit in this case, filed on June 14, 1927, was filed on the seventh day after appearance day. Under the construction of the Supreme Court of this statute, said controverting affidavit was filed too late, and the only course for the trial court to pursue was to transfer the cause to the district court of Dallas county. Courts, in the construction of their own rules of practice, generally exclude Sunday in the computation of time; but, where a statute directs that an act shall be done within a certain number of days, Sunday cannot be excluded, although it should be the last day. Thus, where the last day of the 20 days allowed to file an appeal bond fell on a Sunday, and the bond was filled on Monday, the next day, it was not in time. Burr v. Lewis, 6 Tex. 76, citing Ex parte Dodge, 7 Cow. (N. Y.) 147. See 3 Corpus Juris, § 1091, subd. 3, p. 1081, where it is said:

"*Time of Application and Appearance.*—And appeal or writ of error must be applied for and allowed at or within the time, if any, prescribed by statute, as, for example, at the term at which the judgment, order, or decree is rendered, when the statute so provides, or within the prescribed time after its rendition or entry, whether in term or vacation."

See Green v. Brown, 271 S. W. 394, by the San Antonio Court of Civil Appeals.

In 26 Ruling Case Law, § 23, under the heading "Sundays and Holidays," it is said:

"In the construction of rules of court in respect of time for pleading and other mere matters of practice, it is well settled that, if the last day falls on Sunday, the party has the whole of the next day in which to perform the act required, and in many of the states this rule has been adopted by statute or rule of court. But it has been held that, when the last day of a period within which a bill of exceptions can be signed falls on Sunday, it will not be excluded. Likewise the fact that the first day of a term of court, until which an appellant has been allowed to file his bill of exceptions, falls on a public holiday, affords no legal excuse for the appellant's failure to file the bill on or prior to that day. If an act required by statute is one that may be performed on Sunday, then Sunday is not excluded."

Again, on page 750, § 74, it is said, in part, as follows:

"*Performance of Act in Fulfillment of Statutory Requirements.*—The great weight of authority is that, in computing the time within which an act required by any statute must be done, if the last day falls on a Sunday, it cannot be excluded, and the act done on the Monday following, unless there is some statute providing that the Sunday should be excluded from the computation, or the intention of the Legislature to exclude it is manifest; and the last day of performance is on the preceding Saturday."

See O'Connor v. Towns, 1 Tex. 107; 38 Cyc. p. 329, § C.

[6, 7] From the above authorities, we conclude that the controverting affidavit was not filed in time to authorize consideration. It is true that plaintiff's petition on its face might have authorized the overruling of the plea, on the ground that under section 4 of article 1995, Rev. Statutes of 1925, it is provided that, if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides, yet, if the construction company and the railway company were fraudulently alleged to be jointly responsible for the injury claimed, and were not in fact so responsible, and the allegation was made for the fraudulent purpose of securing venue in Denton county, which the defendant city of Dallas alleged in its plea, and which must be accepted as true under the circumstances of this case, then the inclusion of these two other defendants in the cause of action pleaded did not justify the trial court in overruling the plea of privilege. Moreover, we are not certain that either the railway company or the construction company "resided," as the term is used in this statute, in Denton county.

Appellant relies upon a number of decisions which it is claimed hold that a municipality must necessarily be sued in the county of its domicile, inasmuch as article 1995, § 23, which provides that suits against private corporations may be brought in any county in which such corporation, association, or company has an agency or representative, or in which its principal office is situated, does not specifically mention municipal corporations. These cited cases hold that, by the failure to specifically mention such municipal corporations, the statute excludes them from the operation of this article and section. Appellant relies on such cases as City of Corpus Christi v. Oriental Oil Co., 246 S. W. 718, by the Dallas Court of Civil Appeals; City of Mineral Wells v. Acme Brick Co., 262 S. W. 177, by the San Antonio Court of Civil Appeals, and other cases. But, as the case of City of Tahoka v. Jackson, 115 Tex. 89, 276 S. W. 662, by the Commission of Appeals, Section A, on certified questions from the Court of Civil Appeals from the Tenth Supreme Judicial District, apparently holds to the contrary, we do not find it necessary in the proper disposition of this appeal to decide that question.

The judgment of the trial court in overruling the plea of privilege is reversed, and the judgment is here rendered that the plea be sustained, and the cause transferred to the district court of Dallas county.

Judgment reversed, with instructions.

## On Appellees' Motion for Rehearing.

[8] Among other grounds for rehearing, appellees complain of our transferring the entire case, and pray that, if we do not grant the motion in full, we at least merely remand the cause to the trial court, with instructions to transfer the cause of action as to the city of Dallas only. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209, sustains the action of the court in this case in transferring the entire case to Dallas county. See Camp et al. v. Gourley (Tex. Civ. App.) 201 S. W. 671, writ of error denied.

We have carefully examined the other grounds of complaint contained in the motion for rehearing, and think that they present no error.

The motion for rehearing is overruled.