## CITY OF DALLAS v. HOPKINS. (No. 12092.)

Court of Civil Appeals of Texas. Fort Worth.
Feb. 23, 1929.

Rehearing Denied April 6, 1929.

J. J. Collins and H. P. Kucera, both of Dallas, Sullivan, Speer & Minor, of Denton, and W. H. Knight, of Dallas, for appellant.

Hopkins & Koons, of Denton, for appellee.

BUCK, J. The main question involved in this appeal is the right of the city of Dallas to be sued in the county of its domicile, Dallas county: George M. Hopkins filed suit in the district court of Denton county against the city of Dallas, Puget Sound Bridge & Dredging Company, and the W. E. Callahan Construction Company, alleging that the defendants, acting jointly and severally, constructed a dam across Elm fork of the Trinity river, near Garza, below which plaintiff owned some lands; that plaintiff's land, which was alleged to be rich and fertile, producing theretofore large crops, was made subject to overflows, and was greatly injured, for which plaintiff asked damages.

To plaintiff's cause of action so asserted, defendant city of Dallas filed its plea of privilege to be sued in Dallas county, and, from an order overruling said plea, the city of Dallas has appealed.

#### Opinion.

Appellant relies especially on two cases, to wit, City of Corpus Christi v. Oriental Oil Co., 246 S. W. 718, and City of Mineral Wells v. Acme Brick Co., 262 S. W. 177, the first by the Dallas Court of Civil Appeals, and the second by the San Antonio Court of Civil Appeals. Appellee relies principally upon City of Tahoka v. Jackson, 115 Tex. 89, 276 S. W. 662, by the Commission of Appeals, opinion adopted by the Supreme Court. Appellee relies for jurisdiction in Denton county on the following sections of article 1995, the venue statute, to wit, 4, 9, 14, 23, and 27, which sections are as follows:

"4. *Defendants in Different Counties.*—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

"9. *Crime or Trespass.*—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

"14. *Lands.*—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

"23. *Corporations and Associations.*—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. Suits against a railroad corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated. Suits against receivers of persons and corporations may also be brought as otherwise provided by law."

"27. *Foreign Corporations.*—Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative,

or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs, or either of them, reside."

■ The two cases relied on by appellant are decided upon the theory that, in the absence of some special statutory authority otherwise, a municipality must be sued in the county of its domicile, and, inasmuch as the statute authorizing suits against corporations in any county in which the cause of action, or any part thereof, arises, does not specially mention municipal corporations, such are excluded from the exception. That public policy demands that the officers of a municipal corporation should not be required to leave their city and the duties of their offices to answer suits against the muncipal corporation filed in other counties. This holding has ample authority to support it. See 19 R. C. L. 1049; 44 D. J. § 4680, p. 1481; 27 R. C. L. § 12, p. 790; 19 R. C. L. § 138, p. 1049; 28 Cyc. p. 759, § E. This undoubtedly is the general rule. But there are exceptions to this rule, by reason of statutory rules providing otherwise, by reason of the nature of the cause of action, etc.

■ In City of Tahoka v. Jackson, supra, the Commission of Appeals held that a municipal corporation might be sued out of the county of its domicile on a promise in writing to pay in a county different from that of its domicile. The court, on certified questions from the Waco Court of Civil Appeals, said in part:

"By the great weight of authority in other jurisdictions, it has been held that at common law an action against a municipal corporation must be brought in the county in which the municipality is situated. 19 R. C. L. p. 1049. It has been held by the courts of other states that a statute providing that corporations may be sued in counties other than that in which they had their domicile is not applicable to municipal corporations. Phillips v. Baltimore, 110 Md. 431, 72 A. 902, 25 L. R. A. (N. S.) 711; Nashville v. Webb, 114 Tenn. 432, 85 S. W. 404, 4 Ann. Cas. 1169.

"In this state, however, the venue of suits is prescribed by legislative enactment, and common-law rules as to venue do not obtain. Article 1830 of the Revised Civil Statutes of 1911 provides that 'no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases.' * * * This provision is followed by numerous exceptions, one of which is exception No. 5, as follows:

" 'Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile.'

"The word 'person,' as used in this article, must, under article 5504, be construed to include corporations. For not only is there no different meaning appearing from the context, but the context clearly shows that both private corporations and public corporations were by the Legislature intended to be included by the use of this word. Exception or section 19 of article 1830 expressly exempts counties, which are public corporations created by law, from all other exceptions enumerated in the article. If there had been no intention to include municipal corporations within its provisions, there would have been no necessity to exempt counties therefrom. Having expressly excluded counties from the terms of the exception, we are forced to the conclusion that all public corporations not excluded were intended to be included in the provisions of all exceptions applicable to them.

"In constructing, equipping, repairing, and operating their water and other public utility plants, which they are authorized to own and operate, it may become necessary for municipal corporations acting through their officers to agree in writing to perform their obligations in counties other than those in which they are situated and have their domicile. For this reason it cannot be said that the authorized act of their officers in so agreeing and contracting is ultra vires, and we cannot agree with the holding of the Court of Civil Appeals in the case of City of Corpus Christi v. Oriental Oil Co., 246 S. W. 718, that officers of an incorporated city may not enter into a written contract to perform its obligation in a county other than that in which it is situated. If such city does so contract, exception No. 5 above quoted is applicable to it, and it cannot successfully insist that it cannot be required to answer a suit against it in a county in which the law has placed the venue."

Thus it seems that the Supreme Court has determined that municipal corporations need not in all cases be sued in the county where they are located. It will be noted that in the above decision the Commission of Appeals specially disagrees with the holding in the City of Corpus Christi v. Oriental Oil Co. (Tex. Civ. App.) 246 S. W. 718, and inferably also disagrees with the case of City of Mineral Wells v. Acme Brick Co. (Tex. Civ. App.) 262 S. W. 177.

McQuillan on Municipal Corporations, vol. 5, p. 5167, § 2491, under the heading "Venue," says:

"The Legislature has the power to designate the county in which actions against municipal corporations shall be brought, and the question as to what courts have jurisdiction over such actions will generally depend upon the laws of the state in which the municipal corporation is situated.

"It is generally held that a municipal corporation may be sued only in the court having jurisdiction in the county or district or circuit in which the municipality is located un-

less otherwise expressly provided by law. Where a city is situated on the line between two counties, the action may be brought in either county. The reason given therefor in some cases is the inability of courts to serve process and enforce their judgments outside of their county. While in other cases it is held that such actions are local and not transitory and must, therefore, be brought in the county where the municipality is situated. Suit against a municipal corporation for trespass to real estate is a local action and may be brought in the county or place in which the cause of action arose. In some states the action may be brought in the county where the plaintiff resides or the defendant municipality is situated; in others, it must be brought in the county where the cause of action or some part thereof arose."

It will be noted that the instant case involves a trespass to real estate, and under the authority above cited, suit may be brought in the county where the cause of action arose, to wit, Denton county. See Baltimore v. Meredith's Ford & Jarrettsville Turnpike Co., 104 Md. 357, 65 A. 35, 10 Ann. Cas. 35, and note; Ireton v. Baltimore, 61 Md. 432; 19 R. C. L. 1050, § 338, and numerous authorities.

In view of the fact that, under the common law, municipal corporations were suable only in the courts of the county where they were located (see note in volume 4 Ann. Cas. p. 1170; Phillips v. Baltimore, 110 Md. 431, 72 A. 902, 25 L. R. A. [N. S.] 711), and since this state has adopted the common law except where otherwise changed by statute (article 1, Rev. Civ. Statutes), it seems that the decision in City of Tahoka v. Jackson, supra, was based on the stated theory that venue is controlled in this state by statute and not by common law. However, there is ample authority for placing the venue of a suit against a municipal corporation for a trespass to land in the county where the trespass occurred. In Baltimore v. Meredith's Ford, etc., Co., supra, the court said:

"It has always been the settled law in England that actions for injuries to real property should be brought in the county where the injuries occurred. In Mostyn v. Fabrigas, 1 Cowp. 176, Lord Mansfield said: 'There is a formal and substantial distinction as to the locality of trials. The substantial distinction is, where the proceeding is in rem, and where the effect of the judgment cannot be had, if it is laid in a wrong place. That is the case of ejectment, where possession is to be delivered by the sheriff of the county, and, as trials in England are in particular counties, the officers are county officers; therefore the judgment could not have effect if the action was not laid in the proper county.' "

See 19 R. C. L. § 338, p. 1050; McQuillan on Municipal Corporations, § 2491, p. 5168, where it is said: "Suit against a municipal corporation for trespass to real estate is a local action and may be brought in the county or place in which the action arose."

In compliance with the ruling of our Supreme Court in City of Tahoka v. Jackson, and by reason of the fact that the action here pleaded constitutes a trespass against real estate, the judgment of the trial court overruling the plea of privilege is affirmed.

There are some other assignments in appellant's brief, but we do not think that any of them present error. One assignment complains of the trial court's permitting the plaintiff to amend his controverting affidavit a long time after the day for filing a controverting affidavit, because the city of Dallas was not served with notice of the amended controverting affidavit, as provided for in article 2008, Rev. Civ. Statutes of 1925. And another that the trial court erred in permitting plaintiff to amend his controverting affidavit wherein new matters were set up upon which plaintiff relied to hold venue as against the parties filing a plea of privilege; said amendment being filed long after the expiration of the statutory time provided by article 2007.

Another assignment complains of the trial court's permitting plaintiff to file his amended controverting affidavit after the expiration of the time in which the controverting affidavit is allowed by statute to be filed, when said amendment included additional grounds relied upon by plaintiff for holding venue in Denton county.

It has been held that a plea of privilege may be amended before the plaintiff has filed his controverting affidavit. See Cobb v. H. C. Burt & Co. (Tex. Civ. App.) 241 S. W. 185, i. e., 189; Mellville v. Wickham (Tex. Civ. App.) 169 S. W. 1123. Suit was filed in this case on October 5, 1927. The plea of privilege was filed October 20, 1927. The first controverting affidavit was filed November 5, 1927, within the five days after appearance day. The second controverting affidavit was filed June 18, 1928. The first controverting affidavit alleged that suit had been filed against the defendants to "cover" damages, evidently meaning to recover damages, occasioned by the overflow of plaintiff's land situated in Denton county, caused by the negligence of defendants in the construction of a dam and obstruction in the Elm fork of the Trinity river in Denton county. It is further stated in said controverting affidavit that this suit is brought by plaintiff against the defendants for damages resulting from the negligence of defendants in obstructing the natural flow of the water in the Elm fork of the Trinity river and by flooding and overflowing plaintiff's land, which action upon the part of defendants was a trespass upon the plaintiff's property and property rights, and by reason thereof the Denton county district court has jurisdiction and venue of the cause and of the persons of the defendants, for a cause of action growing out of the trespass

to plaintiff's real estate committed in Denton county. While we do not approve of the practice of filing an amendment to the controverting affidavit so long after the statutory period for filing the original affidavit, yet we need not determine this question, and do not determine it. At any rate, we believe that the original controverting affidavit was sufficient. There appears no motion on the part of defendant city of Dallas in the trial court proceedings to strike from the record this amended controverting affidavit, nor is there any bill of exceptions reserved to the action of the court in permitting said amended controverting affidavit to be filed.

Therefore we conclude there is no error, and that the judgment must be affirmed.