## CITY OF CORPUS CHRISTI v. COFFIN et al.

### No. 8505.

Court of Civil Appeals of Texas. San Antonio. Dec. 24, 1930.

Rehearing Denied Feb. 4, 1931.

J. M. Taylor, Russell Savage, and Gordon Boone, all of Corpus Christi, for appellant.

E. B. Simmons, of San Antonio, and Sam J. Dotson, of Vernon, for appellees.

FLY, C. J.

This is an appeal from a judgment denying a plea of privilege to be sued in Nueces county, filed by appellant.

In the suit against appellant, appellees sought to cancel the deed made by appellees to appellant to certain land in San Patricio county, first, because it was not properly acknowledged, and, second, because the deed was procured by fraud. Appellees also sought a recovery of damages.

The evidence shows that the land was procured from appellees through a sister of Mrs. Coffin, and was bought to be used in connection with a dam on the Nueces river, forming a lake or reservoir for storing water to be used by the appellant. The deed was executed in Nueces county. The city paid appellees $40 an acre, and the evidence failed to show that any adjacent lands had been sold for a greater sum than was paid for appellees' land. Two years afterwards the land had advanced greatly in value, possibly through the improvements made by appellant. Appellees failed to show a greater value for their land than they received for it.

The allegations present a case of damages for fraud used not to induce a purchase, but to procure a sale. The misrepresentation is as to the value of land desired to be purchased, whose value should have been as well known by appellees as by appellant or any agent. No facts were concealed, and they knew for what purpose the land was desired, and knew that there was no demand at that time for lands in that vicinity. The prices obtained by a citizen against a city in another county in a condemnation suit two years after the sale by appellees, or even at the time of the sale, would be a poor criterion by which to test the value of land. Usually in condemnation suits the land sought to be condemned by a corporation becomes greatly enhanced in value by the fact that the corporation is compelled to have it.

There was no offer to return the money paid by the city for the land, which was a condition precedent to a rescission of the deed, and a failure to tender the money clearly indicates that the purpose of the suit was to recover damages sufficient to give an exorbitant price to appellees for the land.

It is the rule of the common law that a city or town shall not be sued in any county other than that in which it is situated, and it is provided by law in Texas that common-law rules shall prevail unless set aside or superseded by a statute of the state. No statute permitting cities to be sued in any other than the county of its situs has ever been enacted in Texas, and there can be no force in any ruling that the enactment of a law specially applying to venue as to counties indicates that the common-law rule has been repealed or overthrown, and that cities must in matters of venue be treated as individuals. The common-law rule cannot be set aside indirectly and by such a fatuous course of reasoning. The common law, as it prevails under Texas law, cannot be set aside by mere implication or inference. It is true that there are expressions used by the Commission of Appeals in City of Tahoka v. Jackson, 115 Tex. 89, 276 S. W. 662, which indicate that the writer of the opinion thought a city could be sued in any county that would apply to the citizen, because cities had not been specifically excepted from the provisions of the venue statute, but those expressions were pure obiter dictum, and not called for by the matter before the court.

The better considered opinions over the United States sustain the common-law rule. That rule is in strict conformity with public policy which does not countenance suits far from the situs of a city, entailing burdens unnecessary and onerous on municipal governments. It may be that a city can be sued in a county where it has committed a trespass, as held by the Dallas Court of Civil Appeals, in the case of City of Dallas v. Hopkins, 16 S.W. (2d) 852, and that a city can be sued in a county where it has contracted a debt, as was held in the cited case of City of Tahoka v. Jackson, but we do not think the rule should be further extended so as to place cities in the position of individuals under the venue law. We believe in a strict adherence to the salutary common-law rule and adhere to the following holding of this court in Mineral Wells v. Acme Brick Company, 262 S. W. 177, 178, as rendered by Associate Justice Smith: "Under our statutes the exceptions to exclusive venue apply to all 'persons,' and under the general rule, as well as by express provision of the statutes (article 5504), the word 'person' when used in a statute includes 'corporations.' But it is not expressly made to include 'municipalities, or municipal corporations, and

by the overwhelming weight of authority it is held in deference to the demand of public policy, to which we have adverted, that, unless a venue statute expressly includes municipal corporations in the exceptions to exclusive venue provisions, those exceptions will not be extended by implication. We so hold in this case. 19 R. C. L. p. 1049; City of Corpus Christi v. Oil Co. (Tex. Civ. App.) 246 S. W. 718; Pack v. Greenbush Tp., 62 Mich. 122, 28 N. W. 746; Mayor of Nashville v. Webb [114 Tenn. 432, 85 S. W. 404, 4 Ann. Cas. 1169], supra; Piercy v. Johnson City [130 Tenn. 231, 169 S. W. 765, L. R. A. 1915F, 1029], supra; Heckscher v. Philadelphia (Pa.) 9 A. 281; Phillips v. Baltimore, 110 Md. 431, 72 A. 902, 25 L. R. A. (N. S.) 711."

That decision is directly in point and is sustained by decisions of other states cited and digested by Judge Smith. We therefore hold that the venue is in Nueces county, on grounds of public policy and under the rule of the common law.

The judgment is reversed, the plea of privilege sustained, and the clerk of the district court is hereby ordered to transfer the record, as directed by statute, to the district court of Nueces county.

Reversed and rendered.