## CITY OF CORPUS CHRISTI v. McMURREY et ux.

### No. 1509.

Court of Civil Appeals of Texas. Eastland.
Jan. 17, 1936.

Rehearing Denied Feb. 14, 1936.

Johns, McCampbell & Snyder, Lewis H. Jones, Dean B. Kirkham, and John J. Pichinson, all of Corpus Christi, for appellant.

H. S. Bonham and J. A. Wood, both of Corpus Christi, for appellees.

LESLIE, Chief Justice.

The plaintiffs, J. M. McMurrey and wife, appellees here, brought suit in San Patricio county against the city of Corpus Christi, a municipal corporation, situated in Nueces county. Plaintiffs alleged that they own lands in San Patricio county; that the defendant had constructed a dam above their lands causing the water to overflow same, greatly damaging it, destroying crops thereon, and rendering the land practically worthless. The defendant filed its plea of privilege to be sued in Nueces county, the place of its situs. The plea was controverted by the plaintiffs, and the court, upon hearing, overruled the plea of privilege, from which ruling the defendant appeals. The parties will be referred to as in the trial court.

The plaintiffs controverted the plea of privilege on the ground that the cause of action was one for trespass committed by the defendant in San Patricio county and also an action seeking recovery for damages to land in that county, making applicable exceptions 9 and 14 of article 1995, R.S. 1925, governing the venue of civil cases.

The defendant makes no contention that the evidence fails to sustain the allegations of the pleadings in so far as the same relate to venue. The defendant's sole contention of error is that the city of Corpus Christi is a municipal corporation and a political subdivision of the state of Texas, and can be sued only in the county in which it is situated, unless it should expressly by lawful contract agree that suit might be brought elsewhere.

The plaintiffs counter with the proposition that, the suit being one for trespass and damage to their land in San Patricio county, the venue of the suit is fixed by article 1995, and the exceptions thereto as in the case of litigants generally.

There is no controversy about the following facts: (1) Plaintiffs' land is located in San Patricio county; (2) that Corpus Christi is a municipal corporation situated in Nueces county; and (3) that the alleged trespass with its resulting injury was committed on said land.

Stated differently, the defendant's contention is that the venue of the suit is in Nueces county, situs of Corpus Christi, on the grounds of public policy and under the rule of common law. The proposition is based upon the holding to that effect in City of Corpus Christi v. Coffin (Tex.Civ. App.) 35 S.W.(2d) 202, City of Mineral Wells v. Acme Brick Co. (Tex.Civ.App.) 262 S.W. 177, and City of Corpus Christi v. Oriental Oil Co. (Tex.Civ.App.) 246 S. W. 718.

We do not consider the question raised by the defendant's proposition an open one in Texas. It has in effect been settled by the answers of our Supreme Court to certified questions in the case of City of Tahoka v. Jackson et al., 115 Tex. 89, 276 S.W. 662. At common law the general rule was that a city could be sued only in the county of its situs. 30 Tex. Jur. 563; McQuillan on Municipal Corporations, § 2655. Among the reasons for the rule were the "local" nature of the action and considerations of public policy. Oklahoma City v. District Court, 168 Okl. 235, 32 P.(2d) 318, 93 A.L.R. 489, 501.

However, we are not specially concerned with these reasons, since common-law rules of venue no longer prevail in Texas. The subject of venue has been covered by comprehensive legislative enactments. The statutes applicable read:

"Art. 1995. No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases: * * *

"9. *Crime or trespass.*—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile. * * *

"14. *Lands.*—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

"Art. 23. *Definitions.*—The following meaning shall be given to each of the following words, unless a different meaning is apparent from the context: * * * 2. 'Person' includes a corporation."

Under the foregoing statutes and in the light of the opinion of our Supreme Court in the case of City of Tahoka v. Jackson, 115 Tex. 89, 276 S.W. 662, 663, we are of the opinion that the venue statutes apply to municipal corporations, and that the venue of the cause in the instant case is maintainable in San Patricio county under and by virtue of exceptions 9 and 14 to said article 1995, R.S.1925.

In the Tahoka Case, the city had entered into a written contract with W. H. Jackson and others, performable in Dallas county. Tahoka was the county seat of Lynn county. The plaintiffs controverted the same, alleging that the cause came within subdivision 5 of article 1995, R.S. 1925. The plea of privilege was overruled, and the case was submitted to the Supreme Court on certified questions; one being whether or not exception No. 5 of the venue statute was applicable to lawful contracts of municipal corporations. The opinion of the Supreme Court stated the general common-law rules relating to venue of suits against municipalities, and then concluded as follows:

"In this state, however, the venue of suits is prescribed by legislative enactment, and common-law rules as to venue do not obtain. * * *

"The word 'person,' as used in this article, must, under article 5504 [now article 23 supra], be construed to include corporations. For not only is there no different meaning appearing from the context, but the context clearly shows that both private corporations and public corporations were by the Legislature intended to be included by the use of this word. Exception or section 19 of article 1830 [now article 1995] expressly exempts counties, which are public corporations created by law, from all other exceptions enumerated in the article. If there had been no intention to include municipal corporations within its provisions, there would have been no necessity to exempt counties therefrom. Having expressly excluded counties from the terms of the exception, we are forced to the conclusion that all public corporations not excluded were intended to be included in the provisions of all exceptions applicable to them."

We believe this opinion is decisive of this appeal, and that it in effect definitely establishes the rule that the venue statutes of Texas apply to municipal corporations.

This opinion specifically disapproves of that by the Court of Civil Appeals in the City of Corpus Christi v. Oriental Oil Co., 246 S.W. 718, and what is said in two other more recent Civil Appeals decisions of a nature contrary to, or conflicting with, the spirit and tenor of the opinion in the Tahoka Case, must, we think, be regarded as unauthoritative.

That we have correctly interpreted and applied the opinion in the Tahoka Case is substantiated by the opinion in the City of Dallas v. Hopkins (Tex.Civ.App.) 16 S.W. (2d) 852, and the City of Dallas v. Springer (Tex.Civ.App.) 8 S.W.(2d) 772.

By the above exception 19 to the general venue statute, the Legislature dealt with public corporations, particularly naming counties, and provided that suits against a county "shall be brought within such county." In determining whether such statute would include other public corporations, the maxim of interpretation may be employed, namely, "The expression of one thing is the exclusion of another." Time and experience have declared this maxim sensible and useful in logic and in law. When applied to the statute under consideration, the conclusion is irresistible that municipal corporations come within the purview of the exceptions to the general venue statute.

On both authority and reason we think the defendant's proposition should be overruled and the judgment of the trial court affirmed. It is so ordered.[1]

[1] For opinion on motion to certify, see 92 S.W.(2d) —.