**HODGES et al. v. COKE COUNTY et al.**

No. 5736.

Court of Civil Appeals of Texas. Amarillo.

Nov. 18, 1946.

Kennedy & Porter, of Morton, and F. D. Brown, and Nelson, McCleskey & Howard, all of Lubbock, for appellants.

Neill & Lewis, of San Angelo, G. S. Arnold, of Robert Lee, and H. S. Garrett, of Fort Worth, for appellees.

PITTS, Chief Justice.

The judgment of the trial court was affirmed by this Court in an opinion announced on September 16, 1946, and appellants' motion for a rehearing was overruled on October 11, 1946, opinion published in 196 S.W.2d 935. It appears that appellants have filed two motions to certify, one having been filed in this Court on October 23, 1946, and the other on October 26, 1946. In appellants' first motion to certify they seek to have this Court ask the Supreme Court five abstract venue questions as to whether or not this Court's original opinion in this case is in conflict with opinions of other courts heretofore handed down in certain cases there stated respectively. In appellants' second motion to certify they contend that our original opinion in this case is in conflict with opinions of other courts heretofore published and there enumerate such cases with a suggestion that we certify the venue question to the Supreme Court.

A careful re-examination of the questions presented convinces us that our original opinion in this case is not in conflict with the opinions on the questions of venue of other courts cited by appellants, but on the contrary it appears to us that our original opinion correctly states the law in the case as established by statute and heretofore approved by other courts including the Supreme Court.

In addition to the authorities heretofore cited, we further cite the case of City of Tahoka v. Jackson, 115 Tex. 89, 276 S.W. 662, 663, in which case the court makes a distinction in the venue law between a city as a municipal corporation and a county as a public corporation or a body politic and clearly holds that a city as a municipal corporation is regarded as a "person" in the venue statutes and comes within the purview of the venue statutes referring to persons while counties are not considered as "persons" in the venue statutes but that Section 19 of the Venue Article, Rev.St. 1925, art. 1995, "expressly exempts counties * * * from all other exceptions enumerated in the article." A careful analysis of the language used reveals that the court there holds that it was the intention of the Legislature to expressly exclude counties from the terms of the exceptions in the venue statutes and to fix venue in suits against a county exclusively under the provisions of Subdivision 19.

The same distinction was again made in the case of City of Corpus Christi v. McMurrey, Tex.Civ.App., 90 S.W.2d 868, and the same logical reasoning there given as was given by the Supreme Court in the Tahoka-Jackson case. In that case a motion to certify was filed and the court refused to certify the venue question raised to the Supreme Court as reflected by an opinion reported in 92 S.W.2d 1108, and the Supreme Court thereafter refused an application for a writ of mandamus to compel certification.

In their second motion to certify appellants assert that it has been held that the word "must" as used in Subdivision 14 of the Venue Article is mandatory and they cite in support of their contention 43 Tex. Jur. 747, Paragraph 31. We call attention to the provisions found in the same volume of the same text on page 749, paragraph 33, which states with reference to the venue statutes that "counties are expressly excluded from the operation of the statute." We likewise cite the same text, volume 11, page 620, paragraph 85, which states that "A suit against a county *must* be brought

within the county." (Italics ours.) Republic Ins. Co. v. Walters, Tex.Civ.App., 88 S.W.2d 726, gives the use of the words "must" and "shall" equal force in the venue statutes and makes them both mandatory.

Under the authorities heretofore cited we believe Subdivisions 14 and 19 of the Venue Article can easily be construed together and when so construed in accordance with the constructions the courts have put on the venue act, the same may be expressed as follows:

"No person shall be sued for the recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, out of the county in which the land, or a part thereof may lie, except that suits against a county shall be brought within such county."

Again we state that both the courts and the text writers seem to recognize the rule that under the venue statutes a suit against a county must be brought within the said county. We have found no cases holding to the contrary and appellants have not shown any adequate reason for certifying the questions raised by them to the Supreme Court. Their motions to certify are therefore overruled.