In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00101-CV


______________________________




KENNETH GLOVER, Appellant



V.



COLUMBIA FORT BEND HOSPITAL, ET AL., Appellees




 


On Appeal from the 268th Judicial District Court


Fort Bend County, Texas


Trial Court No. 112876




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 Kenneth Glover appeals pro se the judgment of the trial court that: 1) granted the
motion for summary judgment filed by Elizabeth Mann and the City of Missouri City, and
rendered a take-nothing judgment against Glover on his claims against Mann and Missouri
City; 2) granted the motion for summary judgment filed by Columbia HCA of Houston, d/b/a
Fort Bend Hospital, Inc. (Fort Bend Hospital) and rendered a take-nothing judgment
against Glover on his claims against the hospital; 3) sustained Fort Bend County's plea to
the jurisdiction of the court, thus dismissing with prejudice all of Glover's claims against the
county; and 4) sustained the plea to the jurisdiction of the court filed by the Texas
Secretary of State, the Texas Board of Pardons and Paroles, and the Office of the Texas
Attorney General, thus dismissing with prejudice all of Glover's claims against them. 

Factual Background

 On June 24, 1997, Kathryn Hartman was present with Glover at the Sugar Land
Municipal Court, where Glover was scheduled to appear for a traffic violation. Hartman
managed to get away from Glover and contacted a police officer, to whom she reported
she had been sexually assaulted by Glover the night before. The officer arranged for
Hartman to be taken to the Fort Bend Hospital in Missouri City. While Hartman was in the
emergency room at the hospital, undergoing a sexual assault test, Glover appeared and
grasped Hartman's arm in an effort to force her to leave the hospital. This interfered with
the medical examination in progress, but the hospital personnel were eventually successful
in getting Glover to release Hartman. The police were called, but Glover left before they
arrived. Officer Bradford Tippett was the investigating officer at the hospital, and his report
of the incident was turned over to Mann, a detective with the Missouri City Police
Department. Mann located Hartman at a women's shelter in Pasadena, where she took
a voluntary statement from her. Among the facts Hartman related to Mann was that, at the
time of the alleged sexual assault, Hartman was five months pregnant and had been told
by her doctor, in Glover's presence, not to engage in sexual intercourse. Mann believed
the facts developed supported a charge of retaliation against Glover. 

 In August 1997, the case was presented to a grand jury, and Glover was indicted
for retaliation. A warrant for Glover's arrest was issued, and Glover eventually turned
himself in to the Fort Bend County Sheriff's Office. In May 1999, the Fort Bend County
District Attorney's Office notified Mann the retaliation charge had been dismissed and had
been refiled as an assault charge. 

Glover's Lawsuit Filed Pro Se

 Glover's original petition, filed pro se in Harris County, named as defendants: 
1) Fort Bend Hospital and Johanna McBeth, a nurse employed by the hospital; 2) Fort
Bend County; 3) the City of Missouri City and Mann; 4) John Healey, District Attorney of
Fort Bend County, and Jim McAllister, Assistant District Attorney; 5) Texas Board of
Pardons and Paroles; 6) the Texas Attorney General; and 7) the Texas Secretary of State. 
Glover sued under the Texas Tort Claims Act (1) and also alleged the defendants had
violated his constitutional rights. In a supplemental petition, Glover alleged irregularities
by various state employees in his parole revocation proceedings in 1999. He blamed the
entire parole revocation process on the charge of retaliation filed against him. On motions
filed by some defendants, including Fort Bend County, venue was transferred from Harris
County to the district court of Fort Bend County. 

Change of Venue

 Glover first contends the trial court erred in transferring venue to Fort Bend County. 
Missouri City and Mann moved to transfer venue of the case to Fort Bend County, alleging
the cause of action pled by Glover had accrued in Fort Bend County rather than in Harris
County, and because Fort Bend County had been named as a defendant, the venue
statutes required the suit be heard in Fort Bend County. Fort Bend County also filed a
motion to transfer, alleging venue in Fort Bend County was mandatory under the statutes. 
Notice of hearing on the motions was sent to all parties, including Glover, indicating Glover
would be permitted to participate from his place of incarceration by teleconference. On
February 4, 2000, the trial court granted Fort Bend County's motion to transfer venue and
ordered the case transferred to a district court in Fort Bend County.

 If a defendant objects to the venue of a plaintiff's choice and properly challenges
that choice through a motion to transfer venue, the question of proper venue is raised. The
burden is on the plaintiff to prove venue is maintainable in the county of suit. If the plaintiff
fails to meet this burden, the trial court must transfer the lawsuit to another specified county
of proper venue. However, if the plaintiff meets that burden, the trial court must maintain
the lawsuit in the county where it was filed. Wilson v. Tex. Parks & Wildlife Dep't, 886
S.W.2d 259, 261 (Tex. 1994).

 Glover contends the mandatory venue provisions of Tex. Civ. Prac. & Rem. Code
Ann. § 15.011 (Vernon Supp. 2002), § 15.017 (Vernon 1986) established venue in Harris
County. Section15.011 provides:

 Actions for recovery of real property or an estate or interest in real
property, for partition of real property, to remove encumbrances from the title
to real property, for recovery of damages to real property, or to quiet title to
real property shall be brought in the county in which all or a part of the
property is located.


 This venue provision is applicable only when the suit directly involves the title to
land. Maranatha Temple, Inc. v. Enter. Prods. Co., 833 S.W.2d 736, 738 (Tex.
App.-Houston [1st Dist.] 1992, writ denied). The nature of the suit must be determined
solely from the facts alleged in plaintiff's petition, the rights asserted, and the relief sought. 
Maranatha Temple, Inc., 833 S.W.2d at 738; see Renwar Oil Corp. v. Lancaster, 154 Tex.
311, 276 S.W.2d 774, 775 (1955). Where venue depends on the nature of the suit, such
venue is ordinarily determined by the nature of the principal right asserted in the plaintiff's
petition and the relief sought in connection with that right. The nature of the suit is
therefore determined by the allegations of the plaintiff's petition. Marshall v. Ballard, 314
S.W.2d 368, 370 (Tex. Civ. App.-Eastland 1958, writ dism'd). 

 We have reviewed Glover's original and supplemental petitions, as well as his other
filings in the district court. In one part of Glover's original petition, he claims entitlement to
damages for destruction of property resulting from his incarceration. However, this
allegation is not sufficient for mandatory venue pursuant to Section 15.011, and we are
unable to find anything else in Glover's pleadings or other filings in which title to land in
Harris County is directly involved that would make this venue section applicable. Glover
failed in his burden to prove venue was maintainable in Harris County pursuant to Section
15.011. 

 Tex. Civ. Prac. & Rem. Code Ann. § 15.017 provides:

 A suit for damages for libel, slander, or invasion of privacy shall be
brought and can only be maintained in the county in which the plaintiff
resided at the time of the accrual of the cause of action, or in the county in
which the defendant resided at the time of filing suit, or in the county of the
residence of the defendants, or any of them, or the domicile of any corporate
defendant, at the election of the plaintiff.


 Defamation, as a cause of action, takes two forms: 1) slander, which is a false oral
statement published to a third person without legal excuse, which refers to an
ascertainable person; and 2) libel, which is a written or published defamation. Defamatory
statements are "published" if they are communicated orally, in writing, or in print to some
third person capable of understanding their defamatory import and in such a way that the
third person did so understand. Accubank Mortgage Corp. v. Drummonds, 938 S.W.2d
135, 147 (Tex. App.-Fort Worth 1996, writ denied). Whether words are capable of a
defamatory meaning is a question of law based on how a person of ordinary intelligence
would perceive the entire statement in light of the surrounding circumstances. Marshall v.
Mahaffey, 974 S.W.2d 942, 950 (Tex. App.-Beaumont 1998, pet. denied). 

 Glover's petition alleges McBeth, the nurse at Fort Bend Hospital who reported the
June 24 incident to the Missouri City police, deliberately or negligently made a false
representation in her report to the police as to what happened. Glover uses this to claim,
in effect, respondeat superior liability on the part of the hospital.

 A statement which falsely charges a person with the commission of a crime is
considered libelous per se. Dallas Indep. Sch. Dist. v. Finlan, 27 S.W.3d 220, 238 (Tex.
App.-Dallas 2000, pet. denied). However, statements made to police officers or other law
enforcement persons, for the purpose of the investigation of alleged wrongdoing, are
protected by a qualified privilege, when made with proper motives and without malice.
Zarate v. Cortinas, 553 S.W.2d 652, 655 (Tex. Civ. App.-Corpus Christi 1977, no writ); see
also Vista Chevrolet, Inc. v. Barron, 698 S.W.2d 435, 437 (Tex. App.-Corpus Christi 1985,
no writ) (qualified privilege defeated if it can be shown defendant acted with malice).

 An action is sustainable against a corporation for defamation by its agent if the
defamation is referable to a duty owed by the agent to the corporation and was made while
in the discharge of that duty. Neither express authorization nor subsequent ratification is
necessary to establish liability. Hooper v. Pitney Bowes, Inc., 895 S.W.2d 773, 776 (Tex.
App.-Texarkana 1995, writ denied). It is undisputed McBeth was carrying out her regular
duties as a nurse at the hospital when the incident in question occurred, and her report of
the incident to the police was also carried out as part of these duties. 

 As part of an affidavit filed with the trial court, Glover states he is a resident of Harris
County. He therefore contends that, as to his defamation cause of action, his petition falls
under a mandatory venue provision which would authorize venue in Harris County. 

 Fort Bend County, however, was also named as a defendant, and the county and
other defendants moved to transfer the case to Fort Bend County pursuant to the
provisions of Section 15.015, which requires (by use of the word "shall") an action against
a county be brought in that county. In addition, since Glover's claims are brought under
the Texas Tort Claims Act, specifically Tex. Civ. Prac. & Rem. Code Ann. § 101.102(a)
(Vernon 1997), venue lies in Fort Bend County because that statute requires actions
against a county be brought in the county in which the cause of action arises. Therefore,
insofar as Glover's defamation allegations are concerned, we have a conflict between two
mandatory venue provisions. 

 The normal rule followed in this situation is that the plaintiff's choice prevails. 
Marshall, 974 S.W.2d at 947. However, in construing Section 15.015 and its statutory
predecessors, appellate courts have uniformly held that, in enacting this venue provision,
the Legislature intended that counties be exempt from exceptions to general venue rules
and the exclusive venue for suits against counties be in that county. Wichita County v.
Hart, 917 S.W.2d 779, 781 (Tex. 1996); City of Tahoka v. Jackson, 115 Tex. 89, 276 S.W.
662, 663 (1925); Randall County v. Todd, 542 S.W.2d 236, 238 (Tex. Civ. App.-Amarillo
1976, no writ); Hodges v. Coke County, 197 S.W.2d 886, 888 (Tex. Civ. App.-Amarillo
1946, no writ). Further, the venue statutes explicitly provide that, in a suit in which a
plaintiff properly joins two or more claims or causes of action arising from the same
transaction, occurrence, or series of transactions or occurrences, and one of the claims or
causes of action is governed by the mandatory venue provisions found in Section 15.011,
et seq., the suit must ("shall") be brought in the county required by the mandatory venue
provision. Tex. Civ. Prac. & Rem. Code Ann. § 15.004 (Vernon Supp. 2002).

 Since all of Glover's claims stem from the June 24, 1997, incident and Fort Bend
County was joined as a defendant, venue is mandated in Fort Bend County. This issue
is overruled.

Claim of Ineffective Assistance of Counsel

 Glover contends he received ineffective assistance of counsel. The record shows
that both Glover's original petition, filed October 29, 1999, in Harris County, and his
supplemental petition, filed December 14, 1999, in Harris County, were filed pro se. 
However, on October 16, 2000, attorneys Ike N. A. Waobikeze and Jacqueline Bostic
entered their appearance on behalf of Glover in Fort Bend County. The record shows
counsel filed no response to discovery and no substantive responses to the motions for
summary judgment. Waobikeze did file a motion to withdraw and a motion for continuance
after hearings were scheduled on the summary judgment motions. Both motions were
denied. Glover contends his case was prejudiced by his attorneys' unprofessional conduct,
including the failure to respond to discovery, and what Glover refers to as "deliberate
misconduct." He cites Strickland v. Washington as his authority. 

 While Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984), and Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986), adopt the
two-pronged test, i.e., professionally unreasonable conduct and prejudice, for showing
ineffective assistance of counsel, they are by their language interpreting federal and state
constitutional provisions applicable solely to criminal prosecutions. Neither the United
States Constitution nor the Texas Constitution guarantees a right to counsel in a civil case. 
While the constitutional right to counsel under both the federal and state Constitutions,
including effective assistance, is clearly recognized in criminal proceedings, it has not been
extended to civil actions. Stokes v. Puckett, 972 S.W.2d 921, 927 (Tex. App.-Beaumont
1998, pet. denied); see also Approximately $42,850.00 v. State, 44 S.W.3d 700, 701-02
(Tex. App.-Houston [14th Dist.] 2001, no pet.); Harris v. Civil Serv. Comm'n, 803 S.W.2d
729, 730-31 (Tex. App.-Houston [14th Dist.] 1990, no writ). 

 This issue is overruled.

Other Issues Not Presented

 Appellees contend the issues of change of venue and ineffective assistance of
counsel are the only ones that merit substantive consideration by this Court because other
issues were not properly raised by Glover. As a general rule, we do not favor finding
waiver of a point of error because the author of the brief did not comply with the briefing
requirements, without giving that attorney or party the opportunity to rebrief. Inpetco, Inc.
v. Tex. Am. Bank/Houston, 729 S.W.2d 300, 300 (Tex. 1987). In this case, Glover's
original brief, submitted pro se, exceeded the fifty-page limit prescribed by Tex. R. App. P.
38.4 by more than forty pages. The brief was struck by this Court on motion of the
appellees, and Glover was ordered to submit a brief in compliance with the Rules of
Appellate Procedure. His subsequent motion for permission to exceed page limitations
was denied. Glover's rebrief does comply with the page limitations requirements, but it
contains only points related to change of venue and ineffective assistance of counsel, and
purports to "incorporate by reference" arguments raised in his earlier ninety-page brief that
was struck by this Court. 

 We may not consider points of error or issues on appeal which are not included in
the brief. In Guerrero v. Tarrant County Mortician Servs. Co., 977 S.W.2d 829 (Tex.
App.-Fort Worth 1998, pet. denied), the appellant's brief contained a substantial amount
of argument in which it simply referred to arguments made in the trial court in response to
the appellee's motion for summary judgment. The Fort Worth court refused to consider
these arguments, stating that to do so would be an "open door" for parties to circumvent
the appellate brief page limitations contained in the rules. Id. at 832-33. In Maranatha
Temple, Inc. v. Enter. Prods. Co., 893 S.W.2d 92 (Tex. App.-Houston [14th Dist.] 1994,
writ denied), the Houston court granted the appellant's motion to exceed the fifty-page limit,
(former appellate rule 74(h)), and permitted the appellant to file a brief not to exceed
eighty-five pages. Although the appellant's brief was within the page limitation set by the
court, the appellant attempted to incorporate into its brief over 200 pages of arguments
filed in the trial court, which were part of the record. The Houston court ordered this
attempted incorporation struck from the brief. Id. at 97. In Harkins v. Dever Nursing Home,
999 S.W.2d 571 (Tex. App.-Houston [14th Dist.] 1999, no pet.), a rebrief failed to contain
any legal argument pertaining to issues sought to be raised by the appellant. The Houston
court stated: "It is not the duty of an appellate court to seine the record in order to
discover, if possible, error by the trial court; it is the duty of an appellant to distinctly point
out the alleged errors and where they can be found in the record." Id. at 573. In a situation
where an appellant completely fails to file a brief, the appeal may be dismissed, or if an
appellee's brief is filed, the appellate court may regard that brief as correctly presenting the
case and affirm the trial court's judgment without examining the record. Id.; see Tex. R.
App. P. 38.8(a)(3).

 Glover's rebrief does not contain any legal argument pertaining to the propriety of
the trial court's granting of the motions for summary judgment or the sustaining of the pleas
to the jurisdiction. He has, in effect, filed no brief concerning these issues, and under the
Rules of Appellate Procedure, we will not consider them. A litigant acting pro se is held to
the same standards applicable to licensed attorneys and must comply with all applicable
procedural rules. Weaver v. E-Z Mart Stores, Inc., 942 S.W.2d 167, 169 (Tex.
App.-Texarkana 1997, no writ). 

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: April 17, 2002

Date Decided: July 3, 2002


Do Not Publish

1. Tex. Civ. Prac. & Rem. Code Ann. § 101.001, et seq. (Vernon 1997 & Supp. 2002).