**In re FORT BEND COUNTY, Relator.**

**No. 14–08–00912–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 2009.

Randall W. Morse, Richmond, TX, for relator.

Rick Molina, Houston, TX, for real party in interest.

Panel consists of Chief Justice HEDGES and Justices GUZMAN and BROWN.

## MAJORITY OPINION

JEFF BROWN, Justice.

In this original proceeding, relator, Fort Bend County ("Fort Bend"), seeks a writ of mandamus ordering the respondent, the Honorable Sharon McCally, presiding judge of the 334th District Court of Harris County, to set aside her order of July 25, 2008, denying its motion to transfer venue of those claims asserted against it to Fort Bend County, and grant the same. We conditionally grant the writ.

## Background

In the early morning of January 1, 2007, Pedro Olivares, Jr. was driving westbound on the Westpark Tollway in Harris County. According to several eyewitnesses, Michael Ladson was at the same time driving eastbound-the wrong way-on the west bound lanes of the same thoroughfare. The two vehicles collided head-on, and Olivares suffered personal injuries resulting in his death. On March 28, 2008, real parties in interest, Zuleima Olivares, Individually and as Representative of the Estate of Pedro Olivares, Jr., and Pedro Olivares, sued Fort Bend County, the Fort Bend County Toll Road Authority, Harris County, the Harris County Toll Road Authority, and the Texas Department of Transportation in Harris County under a premises-defect theory pursuant to the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem.Code Ann. §§ 101.001, et seq. (Vernon 2005 & Supp.2008). The Olivareses allege that although Ladson entered the Westpark Tollway at the easternmost entrance, near Gaston Road, which is located in Fort Bend County, he drove more than eight miles on the tollway before the accident occurred in Harris County.

On May 1, 2008, Fort Bend filed a motion to transfer venue, plea in abatement, plea to the jurisdiction, and original answer. In its venue motion, Fort Bend sought to transfer the claims against it to Fort Bend County in accordance with Chapter 15 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.Code Ann. § 15.015 (Vernon 2002). On July 25, 2008, the trial court denied Fort Bend's motion to transfer because it found "venue is controlled by TTCA 101.102 and no challenge to venue facts."

## Mandamus Jurisdiction & Standard of Review

■ Section 15.0642 provides for mandamus relief to enforce a mandatory venue provision:

> A party may apply for a writ of mandamus with an appellate court to enforce the mandatory venue provisions of this chapter. An application for the writ of mandamus must be filed before the later of:
>
> (1) the 90th day before the date the trial starts; or
>
> (2) the 10th day after the date the party receives notice of the trial setting.

Tex. Civ. Prac. & Rem.Code Ann. § 15.0642. Trial is set for March 2, 2009; therefore, Fort Bend timely filed its petition. The relator must demonstrate that the trial court abused its discretion, but is not required to show the lack of an adequate remedy by appeal. *In re Missouri Pac. R.R.*, 998 S.W.2d 212, 215–16 (Tex. 1999) (orig.proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding) (per curiam).

## Analysis

■ Fort Bend contends that venue must be brought in Fort Bend County

under the mandatory venue provision of Section 15.015 of the Texas Civil Practice and Remedies Code. Section 15.015 of the Texas Civil Practice and Remedies Code— a mandatory venue provision—provides that "[a]n action against a county shall be brought in that county." Tex. Civ. Prac. & Rem.Code Ann. § 15.015.

The Olivareses assert that venue is controlled by section 101.102(a) of the Tort Claims Act, which requires that claims made under the Act be brought in the county in which all or part of the cause of action arose. Tex. Civ. Prac. & Rem.Code Ann. § 101.102(a); *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 76 (Tex.2007) (orig.proceeding) (per curiam). Under section 15.016 of the general venue statute, "[a]n action governed by *any other statute prescribing mandatory venue* shall be brought in the county required by that statute." Tex. Civ. Prac. & Rem.Code Ann. § 15.016 (Vernon 2002) (emphasis added). The venue provision in section 101.102(a) of the Tort Claims Act is one such mandatory provision. *In re Tex. Dep't of Transp.*, 218 S.W.3d at 76.[1]

Nevertheless, Fort Bend argues that there is no exception to section 15.015, and that it takes precedence over any other conflicting mandatory venue provision. The venue rule that a county must be sued in that county is longstanding and finds its origin in the first Texas Legislature. *See Montague County v. Meadows*, 31 S.W. 694, 694 (Tex.Civ.App.1895, writ ref'd) ("The first legislature of the state made it the law in Texas that all suits against a county shall be instituted in some court of competent jurisdiction within such county."). The legislature passed this provision on May 11, 1846–two days before it passed the general venue statute and its eleven exceptions. *Id.*[2] When the provision for counties was placed in the venue chapter, "it was doubtless concluded that it should be treated as an exception to [the general venue] rule." *Id.* at 694–95. In other words, "the general venue statute [passed on May 13, 1846] prescribed the venue for all cases except suits against a county, which had already been specially provided for [in the act passed two days earlier]." *Id.* at 695.

Thus, Texas courts have interpreted section 15.015 as having no exception. *See, e.g., City of Tahoka v. Jackson*, 115 Tex. 89, 276 S.W. 662, 663 (1925) (holding predecessor to section 15.015 "expressly exempts counties, which are public corporations created by law, from all other exceptions enumerated in the article"); *Hodges v. Coke County*, 197 S.W.2d 886, 888 (Tex.Civ.App.-Amarillo 1946, no writ) (observing that "it was the intention of the Legislature to expressly exclude counties

---

1. The Texas Supreme Court has not addressed the relationship between sections 15.015 and 101.102(a). In *In re Texas Department of Transportation*, the court held that venue in Gillespie County, where accident occurred, was proper under a premises-defect theory in a suit brought pursuant to the Tort Claims Act against the Texas Department of Transportation and Gillespie County. 218 S.W.3d at 79. Because the court based its decision on section 101.102(a), it did not consider the effect of section 15.015. *Id.* at 79 n. 1. Although venue would have been proper in Gillespie County under either section 101.102(a) or section 15.015, the Department could not avail itself of section 15.015 because it is not a county.

2. One commentator explains that the inclusion of the predecessor to section 15.015 under the venue statutes has no logical relevance to the basic venue rule with which those statutes are introduced. 6 Elaine Grafton Carlson, *McDonald & Carlson Texas Civil Practice* § 6:13 n. 1 (2d ed.1998). Section 15.015 originated in the Act of May 11, 1846, which related to the incorporation of counties, rather than in that of May 13, 1846, which set forth the basic venue rule and 11 exceptions to that rule. *Id.*

from the terms of the exceptions in the venue statutes and to fix venue in suits against a county exclusively under the provisions of [the predecessor statute to section 15.015]"); *Montague County*, 31 S.W. at 694 (stating that there appears to be no exception to mandatory provision that suit against county shall be brought in that county); *Glover v. Columbia Fort Bend Hosp.*, No. 06-01-00101-CV, 2002 WL 1430783, at *4 (Tex.App.-Texarkana July 3, 2002, no pet.) (observing that, "in construing Section 15.015 and its statutory predecessors, appellate courts have uniformly held that, in enacting this venue provision, the Legislature intended that counties be exempt from exceptions to general venue rules and the exclusive venue for such suits against counties be in that county").

Against this backdrop of section 15.015's history, we conclude that section 15.016 is not an exception to section 15.015. Therefore, the Olivareses are required to prosecute their claims against Fort Bend in Fort Bend County.[3] In its order denying Fort Bend's motion to transfer venue, the trial court found that Fort Bend County had not challenged the Olivareses' venue facts. *See In re Jennings*, 203 S.W.3d 32, 36 (Tex.App.-San Antonio 2006, orig. proceeding) (citing Tex.R. Civ. P. 87(3)(a)) (stating that defendant, in motion to transfer venue, must specifically deny venue facts in plaintiff's petition, or those facts will be taken as true). However, because Fort Bend is entitled to a transfer under the mandatory venue provision of section 15.015, it was not necessary for Fort Bend to challenge the venue facts pleaded by the Olivareses. Accordingly, the trial court abused its discretion by denying Fort Bend's motion to transfer venue of the Olivareses claims against it to Fort Bend County.

### Conclusion

We therefore conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its July 25, 2008 order denying Fort Bend's motion to transfer venue to Fort Bend County. We further direct the trial court to grant the motion, to sever just those claims the Olivareses have asserted against Fort Bend, and to transfer those severed claims to Fort Bend County. The writ will issue only if the trial court fails to act in accordance with this opinion.

GUZMAN, J., concurring.

### CONCURRING OPINION

EVA M. GUZMAN, Justice.

Although I agree with the majority's conclusion that a mandatory venue provision requires the plaintiffs' claims against relator to be litigated in Fort Bend County, I reach that conclusion for different reasons. I therefore respectfully concur in the judgment.

In their original petition, the plaintiffs allege in pertinent part as follows:

Mr. Ladson entered the Westpark Tollway at the easternmost entrance—near Gaston Road, which is located in Fort Bend County.... All of the defendants had actual knowledge that dangerous conditions existed on the Westpark Tollway lanes, entrances, and exits that allowed for wrong-way vehicles to enter the tollway and subsequently cause serious injury to other tollway users.... The operation of a tollway without proper entrances, exits, warning lights, signs,

---

**3.** We further observe that, because part of the cause of action arose Fort Bend County, i.e., Ladson entered the Tollway in Fort Bend County, venue is also appropriate in that county under section 101.102(a). *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.102(a).

and barricades is an inherently dangerous practice and created an unreasonable risk of harm to the plaintiffs ... Upon information and belief, the defendants formulated a policy to monitor the tollway entrances and exits to prevent wrong-way traffic ... In the early morning hours of January 1, 2007, the premise defects were the signs, signals and warning devices of the Gaston Road area of the tollway and the Westpark Tollway itself. The defective items were confusing and misleading about the proper direction of travel to get on the tollway and the identity of the entrances to get on the tollway. The tollway as it existed on January 1, 2007 constituted a condition that endangered the public and should have been corrected by the defendants. As such, the tollway constituted a "dangerous condition," that is a condition that created an unreasonable risk of harm to the user of the roadway. The defendants are jointly and severally liable for the maintenance and operation of premises defects on or at the said entrances of the tollway and are also jointly liable for the violation of the duty they owed the plaintiffs, which violations are a proximate cause of the plaintiffs' damages.

The plaintiffs assert in their original petition that venue is "proper in Harris County because at least one of the defendants is located in Harris County, Texas and substantial parts of the incidents complained of in this lawsuit occurred in Harris County, Texas." It is undisputed that the accident in which Pedro Olivares Jr. was killed occurred in Harris County; thus, the plaintiffs contend that venue in Harris County is proper pursuant to Texas Civil Practice and Remedies Code section 101.102(a), which provides that "[a] suit under this chapter shall be brought in state court in the county in which the cause of action or a part of the cause of

action arises." TEX. CIV. PRAC. & REM.CODE ANN. § 101.102(a) (Vernon 2005).

### A. Fort Bend County Meets Burden to Demonstrate Mandatory Venue in Fort Bend County

Fort Bend County moved to transfer venue, citing section 15.015 of the Texas Civil Practice and Remedies Code, under which "[a]n action against a county shall be brought in that county." TEX. CIV. PRAC. & REM.CODE ANN. § 15.015 (Vernon 2002). The burden of proof governing the motion to transfer venue is set forth in Texas Rule of Civil Procedure 87(2)(a):

> A party who seeks to transfer venue of the action to another specified county under Sections 15.011–15.017, Civil Practice and Remedies Code on the basis that a mandatory venue provision is applicable and controlling has the burden to make proof, as provided in paragraph 3 of this rule, that venue is maintainable in the county to which transfer is sought by virtue of one or more mandatory venue exceptions.

TEX.R. CIV. P. 87(2)(a). Because Fort Bend's motion to transfer venue is based on section 15.015 of the Civil Practice and Remedies Code, Fort Bend bore the burden to prove that venue is maintainable there pursuant to a mandatory venue exception. Such proof was supplied by the plaintiffs' own pleadings, which identify Fort Bend as a county in which part of the accident occurred. Thus, Fort Bend has sustained its burden.

### B. Plaintiffs' Response

In response to Fort Bend's motion to transfer venue, the plaintiffs assert that "when there are two counties of mandatory venue, as in this case, the plaintiffs' choice between the two is controlling." They further argue that plaintiffs are given the first choice in deciding the venue in

which to litigate their claims and that a lawsuit pleaded and established as having been filed in a county of proper venue may not be transferred. In support of this argument, plaintiffs rely on Texas Rule of Civil Procedure 87(3)(c). Pursuant to this Rule,

> If a claimant has adequately pleaded and made prima facie proof that venue is proper in the county of suit ..., then the cause shall not be transferred but shall be retained in the county of suit, unless the motion to transfer is based ... on an established ground of mandatory venue. A ground of mandatory venue is established when the party relying upon a mandatory exception to the general rule makes prima facie proof as provided in subdivision (a) of paragraph 3 of this rule.

TEX.R. CIV. P. 87(3)(c). Under the cited provision, "[p]rima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." TEX.R. CIV. P. 87(3)(a). As noted, however, the plaintiffs properly pleaded that Fort Bend is a county, and this venue fact has not been challenged. *See id.* ("All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party."). Thus, Fort Bend has established that a mandatory venue provision requires the claims against it to be prosecuted in Fort Bend County.

The plaintiffs further rely on *Marshall v. Mahaffey*, 974 S.W.2d 942, 947 (Tex. App.-Beaumont 1998, pet. denied). In *Marshall*, the Ninth Court of Appeals relied on a case that had been reversed as support for its conclusion that "where there is a conflict between two mandatory venue provisions, '[t]he general scheme of the venue statute is that plaintiffs may choose between two *proper* venues.'" *Id.* (quoting *Wichita County, Tex. v. Hart*, 892 S.W.2d 912, 920 (Tex.App.-Austin 1994) ("*Hart I*"), *rev'd*, 917 S.W.2d 779 (Tex. 1996) ("*Hart II*")). Although the *Marshall* court stated that *Hart I* was reversed on other grounds, this characterization is not appropriate in the context of this case. *Hart I* was reversed precisely because it failed to give effect to the requirement of section 15.015 of the Texas Civil Practice and Remedies Code that claims against a county be litigated in that county. *See Hart II*, 917 S.W.2d at 781. In *Hart I*, the intermediate court discussed section 15.015 of the Texas Civil Practice and Remedies Code and specifically acknowledged that the county venue provision "has long been a part of the law of our state and has long been regarded as a mandatory venue provision." *Hart I*, 892 S.W.2d at 917. However, the Third Court of Appeals concluded that the venue provision of the Whistleblower Act was similarly mandatory. *Id.* at 920. The court therefore characterized the venue dispute as "a conflict between two mandatory venue provisions" and relied on *Wilson v. Texas Parks and Wildlife Department* in concluding that "[t]he general scheme of the venue statute is that plaintiffs may choose between two *proper* venues." *Id.* (citing *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 259–61 (Tex.1994)). *Wilson*, however, concerned competing venues, both of which were permissible under section 101.102 of the Civil Practice and Remedies Code, and neither of which was otherwise mandatory.[1]

---

1. *See Wilson*, 886 S.W.2d at 259–62. Thus, when the *Wilson* court used the phrase "proper venue," it was not referring to venue that is "proper" as now defined by 15.001(b)(1) of the Civil Practice and Remedies Code. *Compare* TEX. CIV. PRAC. & REM.CODE ANN.

In sum, *Marshall, Hart I, Hart II,* and *Wilson* offer little assistance in determining the proper procedure to follow in a case such as this, in which two different statutes allegedly mandate venue in different counties. In their response to the motion to transfer venue, plaintiffs framed the issue as follows:

> This suit is brought pursuant to the Texas Tort Claims Act (TTCA). Venue under the TTCA is mandated by § 10[2].101(a) of the Texas Civil Practice and Remedies Code, which states: "A suit under this chapter *shall* be brought in the [sic] state court in the county in which the cause of action or a part of the cause of action arises. (emphasis added.)[.] "[2]

Significantly, however, section 101.102(a) contains both mandatory and permissive aspects. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.102(a). Although suit must be prosecuted in one of the counties in which a part of the cause of action arose, different parts of a cause of action may arise in different counties, and if so, the plaintiff may choose from among those possibilities. Stated differently, the statute is mandatory in that it defines the set of possible venues, but it is permissive in that it does not differentiate among the members of that set, but leaves that selection to the plaintiff. Here, for example, parts of the plaintiffs' cause of action arose in Harris County and parts arose in Fort Bend County. The mandatory aspect of section 101.102(a) is satisfied if the suit is prosecuted in Harris *or* Fort Bend County, but as between these alternatives, venue is permissive under 101.102(a) because neither alternative is mandated by the statute. In contrast, there is no permissive aspect to section 15.015, or stated differently, the set of possible venues that would fulfill the requirements of section 15.015 consists of a single member: venue of a plaintiff's claims against a county is mandatory in that county. *Id.* § 15.015. Thus, in identifying the proper venue in which plaintiffs may bring the claims at issue, section 101.102(a) effectively eliminates all counties other than Harris and Fort Bend, and section 15.015 then eliminates all counties other than Fort Bend. The remaining county—Fort Bend County—is therefore the county of mandatory venue, and hence, the only county of "proper venue." *See id.* 15.001(b) (defining "proper venue"). I therefore would conclude that this case presents no conflict between sections 15.015 and 101.102(a), because transferring venue to Fort Bend County fulfills the mandatory requirements of both statutes.[3]

§ 15.001(b)(1) (defining "proper venue" as "the venue required by the mandatory provisions of Subchapter B [i.e., *id.* §§ 15.011–.020.] or another statute prescribing mandatory venue") *with id.* § 15.001(b)(2) (" 'Proper venue' means: ... If Subdivision (1) does not apply, the venue provided by this subchapter or Subchapter C [i.e., *id.* § 15.031 *et seq.*].").

2. Although the plaintiffs cited section 101.101(a) which governs notice requirements, we presume the plaintiffs intended to refer to section 101.102(a), which contains the language on which they rely.

3. My reasoning differs from that of the majority in at least two additional respects. First, I believe the majority's summary of the legislative history of section 15.015's predecessor as set forth in *Montague County v. Meadows, ante* at 847–48, is both unnecessary and unhelpful because the *Montague* court was explaining that the general venue rule was not intended to apply to suits against counties. 31 S.W. 694, 695 (Tex.Civ.App.-Fort Worth 1895, writ ref'd). Here, none of the parties relied on the general venue rule in the trial court. Thus, the majority's conclusion in dicta that "section 15.016 is not an exception to section 15.015," *ante* at 848, seems to me unnecessary to resolve any issue properly before this court inasmuch as the plaintiffs, the relator, and the trial court have not asserted that section 15.016 *is* an exception to section 15.015. Second, I disagree with the majority's reasoning in concluding that "because

## C. Claim Severance

I also note that this case does not present the question of whether claims against multiple counties must be severed and venue transferred if the claims are interwoven. Here, Fort Bend's motion to transfer venue addressed only "claims made or causes of action brought in this civil action as against Fort Bend County, Texas" and the claims against Fort Bend County are severable from the remainder of the action. *See* Tex.R. Civ. P. 89.[1] The Texas Supreme Court has set forth the requirements for severability as follows:

A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues.

*F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex.2007) (quoting *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (on mot. for reh'g)). Here, the severability of the claims against Fort Bend County are demonstrated by the Agreement for the Joint Construction, Maintenance and Operation of the Fort Bend Westpark Extension Toll Road, offered into evidence by the plaintiffs in their response to Fort Bend County's motion to

transfer venue. Under the terms of the contract, Fort Bend County assumed responsibility to:

- design and construct the portion of the tollway "from State Highway 99 to Station 987 + 14 of the Westpark Tollway Extension, located approximately 2830 feet east of F.M. 1464";
- design and implement a toll collection system;
- procure and install all toll plazas, toll collection equipment, and ramps;
- contract for mowing and landscape maintenance; sign and stripe maintenance; and routine repairs; and
- establish rules and regulations relating to the use of the Westpark Extension.

Harris County assumed responsibility to:

- design and construct the tollway from 2830 feet east of F.M. 1464 to U.S. 59 South;
- align and commission the VES system at each toll location;
- operate the toll collection system equipment and software;
- operate and maintain Fort Bend County's section of the Westpark Tollway to State Highway 99;
- provide incident management services, excluding law enforcement activities;
- provide onsite maintenance services for the preventative maintenance,

Fort Bend is entitled to a transfer under the mandatory venue provision, it was not necessary for Fort Bend to challenge the venue facts pleaded by the Olivareses." Although I agree that Fort Bend was not required to challenge the venue facts pleaded by the plaintiffs, the reason for this is simply that such a challenge would be self-defeating. By failing to challenge the pleaded venue facts, those factual allegations were taken as true, and the venue facts pleaded by the plaintiffs demonstrate that venue of their claims against Fort Bend is mandatory in Fort Bend County. *See* Tex.R. Civ. P. 87(3)(a).

4. If a motion to transfer venue is sustained, the cause shall not be dismissed, but the court shall transfer said cause to the proper court; ... [p]rovided, however, if the cause be severable as to parties defendant and shall be ordered transferred as to one or more defendants but not as to all, the clerk, instead of sending the original papers, shall make certified copies of such filed papers as directed by the court and forward the same to the clerk of the court to which the venue has been changed....

emergency response and repair of toll collection equipment;

- make all emergency repairs when it deems necessary to protect the health, safety, and welfare of the public; and
- enforce the rules and regulations relating to the use of the Westpark Extension.

Because the duties assumed by the defendants are distinct from one another, the acts constituting a breach also differ. Hence, the claims against the various defendants do not involve the same facts and issues and therefore may be properly severed.